GRIMES, Judge.
Appellant appeals his conviction of concealing stolen property. The subject property was an airboat which was stolen from John Hendry in Punta Gorda between July 29 and 30, 1975. Mr. Hendry said he built the boat three years before for about $2,500, but said it would have retailed for $4,500.
Thereafter, Gordon Strickland bought the boat for $300 from an unidentified man in the early morning hours of July 30,1975, at a truck stop in Haines City. The appellant and Sue Crocker were with Strickland at the truck stop. Appellant loaned Strickland $40 with which to make the purchase. Ms. Crocker testified that appellant was not involved in the negotiations with the seller. She said that he did not go outside where the boat was located until the deal was made and he had given Strickland the $40. Strickland was given a bill of sale, and the following day he obtained a registration of title in his name from the tag agency.
Strickland stated that the circumstances of his purchase were not unusual, and that he had no reason to suspect that the boat was stolen property. He testified that while previously working at a truck stop, people often came to the stop to sell merchandise at all hours of the day. At the time Strickland had the boat, he was living at appellant’s house. The boat was kept in the appellant’s front yard in plain view. Approximately two weeks later, Strickland sold the boat to James Barber for $300, who that same day sold it for $300 to James Martin. Barber and Martin said that $300 was a good deal, but both denied any suspicion that the boat was stolen.
During the trial, Sergeant Hunter of the Sheriff’s Department stated that appellant had told him that the boat was owned by Strickland and himself. Strickland testified that he told Deputy Roger Phillips that both he and appellant owned the boat, because he still owed appellant $40. However, he went on to say that when he sold the boat to Barber and repaid the appellant, he no longer felt that appellant had any interest in the boat. Following the denial of appellant’s motion for a directed verdict of acquittal, the jury returned a guilty verdict.
In order to prove the crime of concealing stolen goods, the state must show possession and knowledge that the goods are stolen. Fla.Stat. § 811.16 (1973). We need not pass on whether the element of possession was sufficiently proven because we find that the state did not meet its burden of proof on the element of knowledge.
In State v. Graham, Fla.1970, 238 So.2d 618, the Florida Supreme Court explained what constitutes guilty knowledge for purposes of this crime as follows:
“Proof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. . Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.”
At best, the only proof against appellant was naked possession of a boat acquired at a bargain price. The manner of acquisition was not proven to be necessarily unusual; there was no concealment, no contradictory statements, no possession of other stolen property and no other incriminating evidence or circumstances. There was insufficient evidence to support the verdict of guilty.
reversed!
McNULTY, C. J., and HOBSON, J., concur.