362 So.2d 10 (1978)
STATE of Florida, Appellant,
v.
Roosevelt ALLEN, Larry W. Edwards, Randy Heath, Elmore L. Henderson, Wallace Reed, Willie Singletary and Herman Cruse, Appellees.
Nos. 53675 to 53680.
Supreme Court of Florida.
July 20, 1978.
Rehearing Denied September 27, 1978.
*11 Robert L. Shevin, Atty. Gen., Tallahassee, and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellant.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb and Elliot H. Scherker, Asst. Public Defenders, and Melvin Schaffer of Pilafian & Schaffer, Miami, for appellees.
PER CURIAM.
By consolidated appeals from the Circuit Court of the Eleventh Judicial Circuit, we are asked to review substantially identical orders which passed upon the constitutionality of Florida's theft statute, Section 812.014(1), Florida Statutes (1977).[1] The trial judge, in granting appellees' motions to dismiss the informations charging them with various offenses under that provision, concluded that the legislature's revision of the statute to encompass other activities[2] left it worded in such a way as to render it unconstitutionally vague and overbroad. We reverse.
Section 812.014(1) provides:
"A person is guilty of theft if he obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto."
The trial judge found two features of the statute to be fatally defective. First, noting that the predecessor larceny statute specifically proscribed commission of the offense "with unlawful intent,"[3] she ruled that the legislature's deletion of the word "unlawful" in this revised provision had the effect of eliminating the element of specific criminal intent, thereby contravening the requirements of due process. Second, she found that the term "endeavors" as used in Section 812.014(1) was impermissibly vague.
We find no evidence to support the notion that the 1977 legislature intended by its omission of the word "unlawful" to eliminate specific criminal intent as an element of this offense.[4] At best, the deletion of that term signifies a return to the state of the law existing before 1975, when the immediate predecessor to Section 812.014(1) took effect.[5] For 24 years prior to that time, the jurisprudence of this state recognized the element of specific criminal intent as a necessary requisite to a larceny conviction, notwithstanding that the larceny statute during that period, as now, lacked an express directive that the intent be "unlawful."[6]
*12 As regards the asserted vagueness of the statute, it is obvious that the term "endeavors" means an overt act manifesting criminal intent, rather than merely the formulation of a mental intent. The trial court's construction of the statute to the contrary is unduly technical.
The orders of the trial court, dismissing the informations against appellees, are reversed, and these cases are remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] We have jurisdiction by virtue of Article V, Section 3(b)(1), Florida Constitution.
[2] Section 812.014(1) was enacted by the 1977 legislature as part of the overall revision of the criminal statutes relating to theft and stolen property. Ch. 77-342, § 4, Laws of Fla. As indicated by its title, the Florida Anti-Fencing Act (Section 812.005, Florida Statutes (1977)), one object of this legislation was to expand the larceny statute to reach "fencing" of stolen goods and attempted larceny.
[3] § 812.021(1), Fla. Stat. (1975). This section was repealed simultaneously with the enactment of the present statute. Ch. 77-342, § 16, Laws of Fla.
[4] This resolution obviates consideration of whether this statute involves constitutionally protected expression and is thus subject to challenge on the basis of asserted overbreadth. See, e.g., State v. Bales, 343 So.2d 9 (Fla. 1977).
[5] Ch. 74-383, §§ 40 and 67, Laws of Fla.
[6] Compare § 811.021(1), Fla. Stat. (1951) with § 812.021(1), Fla. Stat. (Supp. 1974).