364 So.2d 1225 (1978)
STATE of Florida, Appellant,
v.
Monty Ray BELGRAVE and Stephen Roger Smith, Appellees.
No. 53870.
Supreme Court of Florida.
October 19, 1978.
Robert L. Shevin, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., and Janet Reno, State's Atty. and Ira Loewy, Asst. Atty. Gen., Miami, for appellant.
Bennett H. Brummer, Public Defender, for appellees.
PER CURIAM.
This cause is before us on appeal by the state from a trial court order granting a motion to dismiss the charges against appellees. The order was expressly grounded upon the trial judge's finding that Section 812.014, Florida Statutes (1977), "is unconstitutionally overbroad in scope in that it does not require proof of criminal intent." We have recently rejected the contention that Section 812.014 is unconstitutionally vague or overbroad. State v. Allen, 362 So.2d 10 (Fla. 1978); Dunnigan v. State, 364 So.2d 1217 (Fla. 1978).
An additional point raised by appellees in their motion to dismiss that was not expressly ruled upon by the trial judge and has not previously been addressed by this Court is that Section 812.014 violates the constitutional prohibition against cruel and unusual punishment. Inasmuch as this argument rests entirely upon the premise that the statute is fatally overbroad because it penalizes innocent conduct  an assertion put to rest by our holding in Allen, supra, that Section 812.014 includes the element of specific criminal intent  it is without merit.
The order entered below, dismissing the informations against appellees on the ground that Section 812.014, Florida Statutes (1977), is unconstitutional, is reversed, and this case is remanded to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.