364 So.2d 1223 (1978)
STATE of Florida, Appellant,
v.
Victor LEWIS, Appellee.
No. 53745.
Supreme Court of Florida.
October 19, 1978.
Robert L. Shevin, Atty. Gen. and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, and Michael J. Satz, State's Atty. and Patti L. Englander, Asst. State's Atty., Fort Lauderdale, for appellant.
Alan H. Schreiber, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for appellee.
PER CURIAM.
In this cause the state appeals from an order of the trial court dismissing the information against appellee on the ground that Section 812.014, Florida Statutes (1977), is unconstitutional. The trial judge ruled the statute invalid on the grounds that subsections (1)(b) and (2)(b) are "so indefinite and overbroad that inherently innocent conduct is prohibited, in violation of due process of law," and that they violate the right to acquire, possess, and protect property, and the right to contract. An additional ground raised by appellee in his motion to dismiss but never expressly ruled upon by the trial judge is that Section 812.014 permits selective prosecution.
We have recently disposed of the contention that Section 812.014 is unconstitutionally vague or overbroad by holding that a conviction under the statute requires proof of specific criminal intent. State v. Allen, 362 So.2d 10 (Fla. 1978). While that case involved a charge of larceny, the reasoning there employed is equally applicable to the offense of receiving stolen property, as now encompassed by the omnibus theft statute. We have similarly rejected the suggestion that Section 812.014 improperly delegates excessive discretion to law enforcement officials, thereby allowing selective prosecution. Dunnigan v. State, 364 So.2d 1217 (Fla. 1978).
The only points raised by appellee in defense of the trial court's ruling that have not previously been addressed by this Court are that Section 812.014 infringes upon the right to acquire, possess, and protect property guaranteed by Article I, Section 2 of the Florida Constitution, and that it impairs the right to contract as guaranteed by the Florida and United States Constitutions. Inasmuch as these related attacks are grounded on the premise that the theft statute penalizes innocent conduct  a construction negated by our ruling in Allen, supra  they are without merit.
The order entered below, dismissing the information against the appellee on the *1224 ground that Section 812.014 is unconstitutional, is reversed, and this case is remanded to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.