364 So.2d 1217 (1978)
Howard DUNNIGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 53883.
Supreme Court of Florida.
October 19, 1978.
Rehearing Denied December 20, 1978.
Robert E. Jagger, Public Defender, and Stuart J. Freeman, Asst. Public Defender, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The order of the trial judge upholding the constitutional validity of Section 812.014, Florida Statutes (1977), is affirmed. See State v. Allen, 362 So.2d 10 (Fla. 1978).
Appellant also raises on appeal two additional points regarding the asserted unconstitutionality of the theft statutes which were not presented in State v. Allen, supra. He contends that the definitional provisions of Section 812.012(2)(d) are impermissibly vague and uncertain, and that they represent an improper delegation of legislative power in violation of Article II, Section 3 of the Florida Constitution. Section 812.012(2) (d) provides:
"(2) `Obtains or uses' means any manner of:
* * * * * *
(d)1. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretense, fraud, or deception; [or]
2. Other conduct similar in nature."
As to the first point, appellant specifically argues that some of the terms in subsection (2)(d)1 have multiple and inconsistent meanings, and that the phrase "other conduct *1218 similar in nature," which we ruled excessively vague in the context of another law in Driver v. Van Cott, 257 So.2d 541 (Fla. 1971), is too indefinite to apply because the types of conduct to which it refers are not really similar. The second point, predicated on the asserted vagueness of the same phrase, is that police, prosecutors, and judges are vested with unbridled discretion to determine the kind of conduct that will be considered "similar in nature." We disagree.
Each of the terms listed in subsection (2)(d)1 has a plain legal meaning that is readily ascertainable from the common law and decisional law of this state. The fact that some words have two or more meanings does not necessarily render them unconstitutionally vague, since it is manifestly clear to a person of ordinary intelligence what was intended by the legislature's use of each term in the context of the theft statutes. As for the prohibition against "other conduct similar in nature," we believe that the principle of ejusdem generis may be properly employed to sustain its use in this provision. Unlike the situation presented in Driver v. Van Cott, supra, where the phrase was used in reference to diverse and unrelated classes of conduct, the present statute encompasses criminal acts which are quite similar to the extent that they all have as their object the unlawful deprivation of property belonging to another. Because these terms are sufficiently definite and similar, it cannot be said that the legislature has failed to provide adequate standards to guide prosecutorial or judicial discretion in the enforcement of the law.
It follows that the trial judge ruled correctly in upholding the constitutionality of Sections 812.012 and 812.014, and the order denying the motion to dismiss is accordingly affirmed. This case is remanded to the County Court for Pinellas County for proceedings consistent herewith.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.