370 So.2d 762 (1979)
STATE of Florida, Appellant,
v.
Carl John DICKINSON, Appellee.
No. 54095.
Supreme Court of Florida.
February 22, 1979.
Rehearing Denied June 4, 1979.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellant.
Gregory B. Hoppenstand, Coral Gables, for appellee.
OVERTON, Justice.
The appellee, Carl John Dickinson, was charged by information with dealing in stolen property in violation of Section 812.019, Florida Statutes (1977). Dickinson was discharged by the trial court, which found Sections 812.012 to 812.028, Florida Statutes (1977), facially invalid under the Constitutions of the United States and the State of Florida because they fail to provide adequate notice of the conduct prohibited. We have jurisdiction to review this direct appeal under Article V, Section 3(b)(1), Florida Constitution.
We extend our reasoning in State v. Allen, 362 So.2d 10 (Fla. 1978); State v. Lewis, 364 So.2d 1223 (Fla., 1978); and State v. Belgrave, 364 So.2d 1225 (Fla., 1978), to this case and hold that Sections 812.012 to 812.028, Florida Statutes (1977), are constitutionally sound because reasonable *763 persons have adequate notice of the types of conduct proscribed by these statutes.
The trial court also invalidated Section 812.028 on another basis, finding that it "gives the government an opportunity to create crime rather than prevent it" and eliminates the defense of entrapment. We disagree.
Section 812.028(4), Florida Statutes (1977), provides it shall not constitute a defense to a prosecution that:
(4) A law enforcement officer solicited a person predisposed to engage in conduct in violation of any provision of ss. 812.012-812.037 in order to gain evidence against that person, provided such solicitation would not induce an ordinary law-abiding person to violate any provision of ss. 812.012-812.037.
This statute only codifies the defense of entrapment as it now exists in the State of Florida. See, e.g., Lashley v. State, 67 So.2d 648, 649 (Fla. 1953); Fla.Std. Jury Instr. (Crim.) 2.11(e). There is clearly no constitutional prohibition against a law enforcement officer providing the opportunity for a person who has the willingness and readiness to break the law. As the United States Supreme Court stated in United States v. Russell, 411 U.S. 423, 435-36, 93 S.Ct. 1637, 1644-45, 36 L.d.2d 366, 375-76 (1973):

Sorrells and Sherman both recognize "that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution... ." Nor will the mere fact of deceit defeat a prosecution ... for there are circumstances when the use of deceit is the only practicable law enforcement technique available. It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play (citations omitted).
See Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 820-21, 2 L.Ed.2d 848, 851 (1958); Sorrells v. United States, 287 U.S. 435, 441, 53 S.Ct. 210, 212, 77 L.Ed. 413, 416 (1932). The essential element of the defense of entrapment is the absence of a predisposition of the defendant to commit the offense. The Russell court opined:
[T]he entrapment defense prohibits law enforcement officers from instigating a criminal act by persons "otherwise innocent in order to lure them to its commission and to punish them." 287 U.S., at 448, 53 S.Ct. 210. Thus, the thrust of the entrapment defense was held to focus on the intent or predisposition of the defendant to commit the crime. "[I]f the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue." Id., 411 U.S. at 451, 93 S.Ct. at 1641.
United States v. Russell, 411 U.S. at 428-29, 93 S.Ct. at 1641, 36 L.Ed.2d at 371.
See Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). We reject the inference raised by the trial court's holding that a high degree of law enforcement participation constitutes a defense to a criminal charge. That issue was squarely confronted in Russell and rejected; we agree with the United States Supreme Court's conclusion. In the instant case, Section 812.028(4), Florida Statutes (1977), preserves the line between the predisposed criminal and the unwary innocent and withstands this constitutional challenge.
The order below, dismissing the information against Dickinson because Sections 812.012 to 812.028, Florida Statutes (1977) are unconstitutional, is reversed; this cause is remanded to the trial court for proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.