370 So.2d 1143 (1979)
Gloria WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 54416.
Supreme Court of Florida.
May 3, 1979.
*1144 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
In this case Gloria Williams appeals a trial court order denying her motion to dismiss the information against her and upholding the constitutionality of the statute under which she was charged, section 812.014(1), Florida Statutes (1977).
Williams here raises three points for our consideration. The first of these  that section 812.014 is unconstitutionally vague  was recently rejected by the Court in State v. Allen, 362 So.2d 10 (Fla. 1978). See also State v. Belgrave, 364 So.2d 1225 (Fla. 1978); State v. Lewis, 364 So.2d 1223 (Fla. 1978); Dunnigan v. State, 364 So.2d 1217 (Fla. 1978).
Second, Williams asserts that the statute violates article III, section 6 of the Florida Constitution in that the statute's title does not adequately apprise a person of average intelligence of the statute's contents. We disagree. The title of a statute need not index all of the statute's contents. The proper test is whether the title is so worded as not to mislead a person of average intelligence as to the scope of the enactment and is sufficient to put that person on notice and cause him to inquire into the body of the statute itself. Pruitt v. State, 363 So.2d 552 (Fla. 1978); Mayo v. Polk Co., 124 Fla. 534, 169 So. 41, appeal dismissed, 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376 (1936); Butler v. Perry, 67 Fla. 405, 66 So. 150 (1914), aff'd, 240 U.S. 328, 36 S.Ct. 258, 60 L.Ed. 672 (1916). Measured by this rule, the title to section 812.014 meets the constitutional requirements.
Third, Williams asserts that the information against her is deficient as it does not contain a specific averment of some overt act constituting criminal attempt. In State v. Allen, 362 So.2d 10, 12 (Fla. 1978), the Court construed the term "endeavors" as meaning "an overt act." Since the challenged information expressly charged Williams with endeavoring to obtain or use a wallet and money, the information was sufficient.
Having considered the points raised, we affirm the order of the trial court denying Williams' motion to dismiss.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.