374 So.2d 86 (1979)
STATE of Florida, Appellant,
v.
Thomas B. HOUCK, Appellee.
No. 78-1781.
District Court of Appeal of Florida, Fourth District.
August 1, 1979.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal by the State from an order dismissing an information charging defendant with grand theft under Section 812.014 Florida Statutes (1977). Defendant/appellee filed a motion to dismiss the information pursuant to Fla.R.Crim.P. 3.190(c)(4). The State did not traverse the motion and at the hearing thereon the State stipulated to the facts stated in defendant's motion.
The defendant was found in possession of stolen property.[1] The State charged theft under Section 812.014 Florida Statutes (1977). The trial court dismissed the information on the announced basis that possession of stolen property could not be charged under the theft statute (Section 812.014 Florida Statutes (1977)), but instead the State was limited to a charge under Section 812.019 Florida Statutes (1977), relating to dealing in stolen property.
In view of State v. Lewis, 364 So.2d 1223 (Fla. 1978); State v. Allen, 362 So.2d 10 *87 (Fla. 1978), and Lancaster v. State, 369 So.2d 687 (Fla.1st DCA 1979); we hold that knowing and intentional possession of stolen property is properly charged under the theft statute, Section 812.014 Florida Statutes (1977). Thus, the trial court's stated reason for dismissal was incorrect. The defendant argues that even if the stated reason was incorrect that the motion to dismiss was properly granted because there was absolutely no evidence indicating guilty knowledge on defendant's part. At the hearing on the motion to dismiss the State conceded it could show no connection whatsoever between the actual taking of the property and the defendant. If the State could show no more than mere naked possession without knowledge of the stolen character, the information would be properly dismissed under State v. Graham, 238 So.2d 618 (Fla. 1970), and Monk v. State, 336 So.2d 1284 (Fla.2d DCA 1976). From our review of the record, we are convinced that this argument was not presented to or ruled upon by the trial court. The motion to dismiss and the argument thereon were designed solely to test whether the charge was proper under Section 812.014 Florida Statutes (1977) or Section 812.019 Florida Statutes (1977). The order of dismissal is thus reversed and the matter remanded for further proceedings wherein the trial court may rule initially on the question of defendant's guilty knowledge.
REVERSED AND REMANDED.
ANSTEAD, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
I quite agree with the opinion of Judge Beranek but must note that the "(c)(4) motion" filed by the defendant was unsworn thus must be refiled if the trial court is to rule upon it. The requirement that a motion under Fla.R.Crim.P. 3.190(c)(4) be under oath is to provide for prosecution against an accused who would escape prosecution by lying in a motion to dismiss. Of course, if the motion is unsworn perjury is not committed thus an accused may escape prosecution by lying and without the oath would also escape perjury prosecution.
NOTES
[1] A C.B. radio was found in a boat of which defendant was in possession. The radio had been reported stolen two months prior to its having been found on the boat. The boat was stopped for an equipment check by a marine officer.