381 So.2d 696 (1980)
Kenneth EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 56832.
Supreme Court of Florida.
January 31, 1980.
Rehearing Denied April 18, 1980.
*697 Elton H. Schwarz, Public Defender, and Bruce M. Wilkinson, Asst. Public Defender, Nineteenth Judicial Circuit, Stuart, and Richard L. Jorandby, Public Defender, and Paul M. Herman, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Marc E. Kirk, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
By this appeal, Kenneth Edwards seeks review of a trial court order finding sections 812.019 and 812.022(2), Florida Statutes (1977), to be constitutional. We affirm the order of the trial court.
Section 812.022(2) states:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
(Emphasis supplied.)
Edwards asserts that the inference created by this provision violates his rights to due process and against self-incrimination. The inference arising from the unexplained possession of stolen property, and jury instructions referring to it, have been specifically approved by both Florida and federal courts. Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); State v. Young, 217 So.2d 567 (Fla. 1968); Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979) (reversed on other grounds). Since there is a rational connection between the fact proven (the defendant possessed stolen goods) and the fact presumed (the defendant knew the goods were stolen), the inference created by section 812.022(2) does not violate Edwards' due process rights. Further, the statute, and the jury instruction derived from it, did not force Edwards to testify. Edwards could have attempted to explain his possession of the stolen goods by evidence other than his own testimony. Even if he had failed to present any evidence in explanation, the jury was not compelled to find him guilty. Therefore, section 812.022(2) does not violate the fifth and fourteenth amendment right to remain silent. See Barnes, 412 U.S. at 846-47, 93 S.Ct. 2357; and Young, 217 So.2d at 570-71.
Edwards' challenges to the constitutionality of section 812.019 are identical to those *698 considered and rejected by this Court in State v. Dickinson, 370 So.2d 762 (Fla. 1979). We reaffirm our decision in Dickinson.
Accordingly, we affirm the ruling by the circuit court of the nineteenth judicial circuit, upholding the validity of sections 812.019 and 812.022(2), Florida Statutes (1977).
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.