PER CURIAM.
Based on the state’s confession of error filed in this cause, as well as our own independent review of the record herein, the adjudication of delinquency under review is reversed and the cause is remanded to the trial court with directions to discharge the appellant from the cause.
The state concedes, and we agree, that the appellant’s mere presence as a passenger in the stolen motor vehicle in this case, without more, represents insufficient evidence upon which to convict him of motor vehicle theft under Section 812.014(1), (2)(b)4, Fla.Stat. (1979), especially where the appellant (a) told the police upon his arrest that he had just been picked up before by the driver of the stolen motor vehicle, and (b) testified at trial that he did not know the motor vehicle was stolen. The trial court, accordingly, erred in denying the appellant’s motion for judgment of acquittal made at the close of all the evidence in this cause. Davis v. State, 90 So.2d 629 (Fla.1956); Mayo v. State, 71 So.2d 899, 904 (Fla.1954); McWatters v. State, 375 So.2d 624 (Fla. 4th DCA 1979); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968).
Reversed and remanded with directions to discharge the appellant from the cause.