SCHWARTZ, Judge.
With continuing reluctance, we are once again required to hold that the evidence against the juvenile respondent is insufficient to establish that he was guilty of the theft for which he was adjudicated delinquent either as the active perpetrator or as an aider and abettor. The victim was unable to identify W.J. as the one of two boys in the vicinity who actually grabbed her necklace and there is no showing that he committed any act which aided or assisted in the offense.[1] Therefore, as we did on virtually identical facts in J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981), we must reverse the adjudication entered below and order W.J. discharged. See also, E.H.K. v. State, 405 So.2d 495 (Fla. 3d DCA 1981); L.S. v. State, 391 So.2d 329 (Fla. 3d DCA 1980).
Reversed.

. As in J.L.B. v. State, 396 So.2d 761, 762, n. 1 (Fla. 3d DCA 1981) we assume arguendo the sufficiency of the showing that W.J. possessed the criminal intent which is also an element of aiding and abetting.