547 So.2d 298 (1989)
E.L.S., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1260.
District Court of Appeal of Florida, Third District.
August 8, 1989.
*299 Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni B. Braunstein, Asst. Atty. Gen., and Elena Evans, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
We reverse the order adjudicating E.L.S. delinquent because we find that his conviction for theft is not supported by the record. The state failed to prove that E.L.S. knew the truck in which he was riding was stolen. State v. Lewis, 364 So.2d 1223 (Fla. 1978); State v. Allen, 362 So.2d 10 (Fla. 1978); R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984); R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982). His unrefuted, exculpatory, and not unreasonable, explanation that the driver told him the truck belonged to the driver's uncle from whom it had recently been stolen and to whom it had been returned precluded conviction under section 812.014, Florida Statutes (1987). R.M., 450 So.2d at 897; R.M., 412 So.2d at 44; B.L.W. v. State, 393 So.2d 59 (Fla. 3d DCA 1981); see also, P.L.C. v. State, 458 So.2d 800 (Fla. 3d DCA 1984); R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981).
Reversed and remanded.
NESBITT and BASKIN, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
While I do not disagree with the holding of the majority, I would reverse on a much broader ground. I believe that, as opposed to the driver, one's status as a passenger in the vehicle involves none of the conduct proscribed by section 812.014(1) of the Florida Anti-Fencing Act (1987).[1] See § 812.012, Fla. Stat. (1987).[2] Specifically, a passenger neither takes "control," § 812.012(2)(a), or makes "use," § 812.012(2)(b), of the vehicle so as to render his conduct within a present equivalent of the former crime of "buying, receiving and concealing" (BRC) stolen property. Thus, without other evidence of separate criminal conduct  such as aiding and abetting the theft itself or being an accessory after the fact of the crime  a passenger may not be found guilty of an offense related to a vehicle, even if arguendo and unlike the present case, he is perfectly aware that it has been stolen.[3]
Thus, I would hold that a hitchhiker or joy rider like E.L.S. who merely gets into or stays in a car, even knowing that it has been stolen by the driver, is simply not *300 guilty of any statutory crime.[4]W.J. v. State, 406 So.2d 60 (Fla. 3d DCA 1981). I necessarily believe, therefore, that D.N. v. State, 529 So.2d 1217, 1221 (Fla. 1st DCA 1988), which, although recognizing that "a finding of guilt in these situations seems rather farfetched," reaches just that conclusion, was wrongly decided and should not be followed.
NOTES
[1] 812.014 Theft. 

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
[2] 812.012 Definitions. 

* * * * * *
(2) "Obtains or uses" means any manner of:
(a) Taking or exercising control over property.
(b) Making any unauthorized use, disposition, or transfer of property.
(c) Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
(d) 1. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception; or
2. Other conduct similar in nature.
[3] By like reasoning, the passenger is not in "possession" of a vehicle within the meaning of § 812.012(2)(a) so as to raise the statutory inference of guilty knowledge as provided by that statute. See Maisler v. State, 425 So.2d 107, 108 (Fla. 1st DCA 1982) (ability to maintain control over contraband as well as knowledge of presence necessary to prove constructive possession), pet. for review denied, 434 So.2d 888 (Fla. 1983). The issue is essentially irrelevant, however, since, as I have said, even guilty knowledge is not sufficient to constitute a crime. J.L.B. v. State, 396 So.2d 761, 762 (Fla. 3d DCA 1981) ("no crime can be committed by bad thoughts alone"); accord W.J. v. State, 406 So.2d 60 (Fla. 3d DCA 1981).
[4] Although I need not reach the question at the present time, it may be that any statute which attempts to criminalize such conduct would be unconstitutional as seeking to penalize essentially innocent activity, see Sawyer v. Sandstrom, 615 F.2d 311 (5th Cir.1980); State v. Walker, 444 So.2d 1137 (Fla. 2d DCA 1984), aff'd, 461 So.2d 108 (Fla. 1984), or as an interference with First Amendment rights of free association. Sawyer, 615 F.2d at 311.