STEVENSON, Judge.,
dissenting.
I respectfully dissent. I would reverse appellant’s conviction for robbery and direct the trial court to enter a conviction for the lesser included offense of petit theft.
Although a passenger’s lingering presence in the backseat of a car with knowledge that one of its occupants intends to jump out and commit a purse snatching ought to be a crime, the law says that it is not. Presence, without more, does not equate to culpable assistance with, or encouragement of, a criminal act. See Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994), rev. denied, 652 So.2d 818 (Fla.1995); C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985). Appellant may have done or said something to further the robbery — but the record does not show it.
On the other hand, the evidence was sufficient to support a conviction for the crime of theft. Appellant knew that the victim’s money was stolen, but he accepted a share of it anyway. See State v. Houck, 374 So.2d 86 (Fla. 4th DCA 1979)(the knowing and intentional possession of stolen property falls within theft statute). Accordingly, I would reverse appellant’s conviction for the crime of robbery and direct the trial court to enter judgment for petit theft, a category 1, necessarily included lesser offense of the crime charged. See § 924.34, Fla.Stat. (1993); Fla. Std.Jury Instr. (Grim.) p. 295 (Schedule of Lesser Included Offenses).