PEARSON, TILLMAN, Associate Judge.
These consolidated appeals are by the designated juveniles (A.R. and F.M.) from their respective adjudications as delinquents. The findings by the trial judge arose from a joint trial and the evidence as to each appellant is the same. We reverse upon a holding that a prima facie case was not here presented. See Fisk v. State, 138 Fla. 815, 190 So. 10 (1939); State v. Graham, 238 So.2d 618 (Fla.1970); Gilbert v. State, 270 So.2d 750 (Fla. 3d DCA 1972); J. O. and R. G. v. State, 384 So.2d 966 (Fla. 3d DCA 1980).
The State urges that the adjudications ought to be affirmed upon a holding that the circumstances were such that the possession of recently stolen property was not satisfactorily explained. See Section 812.022(2), Florida Statutes (1979). This determination must initially be made by the trier of fact and will only be reversed upon appeal where clearly erroneous. However, where the unrefuted explanation is such that the circumstantial evidence of guilt by reason of possession is also susceptible to the hypothesis of innocence, we must reverse. See Fisk v. State, supra.
Our reading of this record brings these cases clearly within the cited rule of law. The law does not deal in probabilities, but in proof of guilt beyond reasonable doubt. See Davis v. State, 90 So.2d 629 (Fla.1956); Fisk v. State, supra.
Accordingly, the adjudications appealed are reversed with directions to discharge the defendants.
Reversed with directions.