445 So.2d 657 (1984)
Gerald B. COLVIN, Appellant,
v.
STATE of Florida, Appellee.
No. AP-172.
District Court of Appeal of Florida, First District.
February 21, 1984.
Michael Allen, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and John Tiedemann, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant, after trial by jury was adjudicated guilty of five counts of grand theft. Sentence was stayed and withheld, and he was placed on concurrent probationary terms. He claims on appeal that it was error for the trial court to treat each count as a separate crime. We affirm.
The evidence at trial showed that he was discovered by the police to have been in possession of all five firearms at the same time at his place of business on January 28, 1983, and the state conceded that someone else was the one who took the firearms from the owners. Appellant asserts that he cannot, therefore, be guilty of more than one count of theft.
The question for resolution is one of proper interpretation of the theft statute, Section 812.014, Florida Statutes (1981), as applied to one who is charged with theft of multiple firearms under the above circumstances. *658 We are not confronted with a double jeopardy issue since the defendant's possession of one of the firearms was not an element of his possession of any of the other firearms. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); State v. Getz, 435 So.2d 789 (Fla. 1983).[1]
Section 812.014 (1981) provides in pertinent part:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) to deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
(2)(a) * * *
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more, but less than $20,000.
2. A will, codicil, or other testamentary instrument.
3. A firearm.

4. A motor vehicle.
5. Any member of the genus Bos (cattle) or the genus Equus (horse), or any hybrid of the specified genera.
6. Any fire extinguisher.
7. Any amount of citrus fruit consisting of 2,000 or more individual pieces of fruit.
The state asserts that the issue in this case concerning the number of allowable units of prosecution is virtually identical to that which was involved in State v. Grappin, 427 So.2d 760 (Fla. 2nd DCA 1983), and suggests that we follow the holding by our sister court. There, the defendant stole five firearms from the owner's residence on a certain date. He was charged with five counts of theft based upon the five firearms and was convicted and sentenced on all counts. The Grappin court answered in the affirmative the question of whether the theft statute contemplates multiple crimes based upon the theft of multiple firearms at the same time and place. The rationale of the Second District centers around the reference in the statute to "a" firearm as compared to the use of the article "any" which appears in the statute immediately preceding other designated subjects of theft. In a recent case involving another statute, Section 944.47, Florida Statutes (1981) (possession of contraband in a correctional institution), this Court rejected the Grappin "a/any test" *659 for the determination of legislative intent as to the permissible units of prosecution:
Without detracting from the seriousness of Grappin's inquiry, we conclude that it is impossible to derive multiple units of prosecution, or single units, from the legislature's choice of "a" or "any" in listing items in a criminal statute.
Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983).
In Watts, the defendant, an inmate at Union Correctional Institution, was charged with two counts of introducing into, or possessing, or attempting to take from the institution a contraband weapon in violation of Section 944.47, Florida Statutes (1981). Based upon evidence that he was in possession of both knives at the same time and place, he was adjudged guilty and sentenced on both counts of possession. Instead of relying upon the "a/any" test of Grappin and the reference in Section 944.47 to "any firearm or weapon," Watts adopted the approach espoused in Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), which emphasizes "chronological and spatial relationships" in determining whether a multifaceted offense is a single prosecution unit because simultaneous in time and space, or multiple because not simultaneous. The court in Watts concluded that the defendant could not be regarded as having committed two offenses based upon his possession of two weapons.
One can, with some persuasiveness, analogize the possession offense in Watts with the theft offense in the instant case in view of the prosecution's evidence of Colvin's culpability (his simultaneous possession of the five firearms) and in view of the Supreme Court's recognition that the offense formerly known as "buying and receiving stolen property" is now a variety of theft embodied in the "omnibus theft statute." State v. Lewis, 364 So.2d 1223 (Fla. 1978).[2] Nevertheless, for reasons which we will address, we are of the view that the crime involved in Watts is materially distinguishable from those involved in the instant case.
We note first the distinction between a so-called "victimless" crime, as dealt with in Watts, and the crime of theft, the essential elements of which include the ownership of an item of property by another, the taking of that property without consent of the owner, and the accused's intent to deprive the owner of that property or the use thereof. The possession of weapons in Watts constituted the crime itself. Possession of the stolen firearms in this case merely completed the crime of theft so far as appellant is concerned, but it did not constitute the whole offense. Under the theft statute, the felonious taking is in a sense imputed to the subsequent culpable purchaser or possessor. Section 812.014(1)(a), (b), Florida Statutes (1981). Thus, in this case, Count I of the information charged that appellant obtained or used a shotgun, the property of Herbert Mock, with intent to deprive Mock of a right to the property or a benefit therefrom, or to appropriate the property to his own use or to the use of any person not entitled thereto, contrary to the statute. Counts II through V allege, in like manner, theft of firearms from Charles Collins, Paul Spacey, Mike Horvath, and David Langston, respectively.
Furthermore, although each count alleges that the offense was committed on the same day, January 28, 1982, the state's evidence indicated, and appellant admitted, that the firearms were purchased on four or five different occasions, so as to dispel any notion that appellant came into possession of all of the guns at one and the same time. Although it is not clear which gun was purchased on what occasion, it is clear that there were a series of transactions involving the purchase of stolen firearms *660 actually taken from their owners at different times and places.
From the above, it is apparent that the "chronological and spatial relationships" test which guided this Court's decision in Watts does not compel the conclusion that only a single offense was committed, since the only "simultaneous" aspect of appellant's offense established by the evidence was that all the firearms were discovered in his possession on the same day. It would defy reason to hold that a single offense occurred because the weapons were all discovered by the police at the same time. To do so would make the determination of single versus multiple offenses dependent upon mere fortuitous events, or actions of the police, rather than conduct of the accused. Had the state alleged or the proof disclosed that the five firearms were all stolen from the same person at the same time, and received by appellant in a single delivery, the result might well be different. See, Hearn v. State, 55 So.2d 559 (Fla. 1951); Joiner v. State, 382 So.2d 1357 (Fla. 1st DCA 1980).
The legislature, in enacting Section 812.014, simply provided that the crime of theft can be committed in several ways, one of which happens to be by acts formerly prosecuted as "receiving stolen property," Section 812.031, Florida Statutes (1975). See State v. Lewis, supra. Under the present theft statute, one who buys stolen property with knowledge of its stolen character is just as guilty of theft as the person who physically removed the property from the owner's possession. As the Fifth District noted in Brewer v. State, 413 So.2d 1217, 1219 (Fla. 5th DCA 1982), "how the property of another is acquired is no longer important." The statute in effect classifies the knowing buyer of stolen property as a principal, or participant in the crime of theft itself, rather than as an accessory after the fact. That the legislature has the authority to reclassify and define offenses and offenders does not seem subject to question. See, e.g., Wilson v. State, 225 So.2d 321, 323 (Fla. 1969), rev'd on other grounds, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 858 (1971); see also State v. Zardon, 406 So.2d 61 (Fla. 3rd DCA 1981).
Watts may be further distinguished by noting that the statute involved in that case is aimed at preventing harm or injury to inmates and prison personnel by punishing the possession of implements which could be used for accomplishing such harm. Section 944.47(1)(a), (c), Florida Statutes (1981). The theft statute, on the other hand, is aimed at punishing an offender for harm already accomplished, i.e., the taking of property and depriving an owner of its use and benefit. Whether an inmate armed simultaneously with two knives instead of one has the capacity to commit twice as much harm or injury is open to speculation. There is no such uncertainty about the crime of theft under the present statute. The harm inflicted upon one person whose shotgun is stolen is totally separate from the harm inflicted upon other shotgun owners whose guns are stolen, and the magnitude of the crime against society is enhanced in direct proportion to the number of persons victimized.
We conclude that the trial judge's ruling that five offenses were committed is supportable by the record in this case under a reasonable interpretation of the statute.
We certify, pursuant to Fla.App.R. 9.030(a)(2)(A)(v), the following as a question of great public importance:
ARE MULTIPLE UNITS OF PROSECUTION PERMISSIBLE UNDER SECTION 812.014, FLORIDA STATUTES (1981), WHERE SEVERAL FIREARMS, THE SUBJECTS OF THE ALLEGED THEFTS, WERE TAKEN FROM THEIR RESPECTIVE OWNERS AT DIFFERENT TIMES AND PLACES, AND THE DEFENDANT WHO HAD NO PART IN THE ORIGINAL TAKINGS IS CONVICTED BASED UPON HIS PURCHASE OF THE FIREARMS WITH KNOWLEDGE OF THEIR STOLEN CHARACTER, FROM THE SAME PERSON *661 ON SEVERAL DIFFERENT OCCASIONS?
SMITH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Nor is Section 775.021(4), Florida Statutes (1981), controlling. It provides:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
This section abrogated the "single transaction rule." Borges v. State, 415 So.2d 1265 (Fla. 1982). That rule held that a person charged with several offenses arising from a single criminal transaction should only be convicted of the most serious offense charged. Id. at 1266. In order for Section 775.021(4) (1981) to be applicable, the judgments for the various offenses must be based upon "two or more criminal statutes" and the statute requires separate sentences upon the properly adjudicated offenses committed in the course of one criminal transaction or episode. As in Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983), Section 775.021(4) cannot, for two reasons, control whether the defendant Colvin's conduct should be considered as multiple violations of the theft statute:
first, because section 775.021(4) does not come into play unless judgments are properly entered "for violation of two or more criminal statutes"; and second, because section 775.021(4) does not say, except by excluding sentences for lesser included offenses, how many judgments are to be entered for conduct that may be conceived, but need not be, as violating the same statute twice.
Watts, 440 So.2d at 506. (We discuss only the 1981 version of Section 775.021(4) inasmuch as the effective date of the recent legislative amendment, Chapter 83-156, Laws of Florida, was June 22, 1983.)
[2] The "obtaining or using" proscribed by Section 812.014(1), Florida Statutes (1981), is defined:

"Obtains or uses" means any manner of:
(a) Taking or exercising control over property.
Section 812.012(2), Florida Statutes (1981).