446 So.2d 1181 (1984)
R.D.S., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-798.
District Court of Appeal of Florida, Third District.
March 20, 1984.
*1182 Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, a sixteen-year-old juvenile, was arrested in possession of a stolen and severely damaged moped from which the identification number had been removed; he had no registration documents for the vehicle. The explanation offered by appellant for being in possession of the recently stolen property was that he had purchased the moped from a boy named Rodney Middleton for $35 and that it was in poor condition when he bought it. It is conceded here, by the State, that no attempt was made to verify or refute appellant's testimony. On the charge of grand theft, appellant was adjudicated delinquent and committed to the custody of the Department of Health and Rehabilitative Services.
Appellant contends that the circumstantial evidence relied upon by the state is insufficient to support the delinquency adjudication, relying mainly upon two recent cases of the court which are factually similar  R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982) and R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981). We held in R.A.L. that:
[T]he respondent's unrefuted, exculpatory, and not unreasonable explanation of his possession of a stolen moped  that he bought it at a flea market  rendered the state's case, which was based solely on the inference provided by Section 812.022(2), Florida Statutes (1979), without any additional incriminating circumstances, insufficient as a matter of law to establish guilt. 402 So.2d at 1337.
The State argues that this case is factually distinguishable from R.A.L. and R.M. because there are incriminating circumstances inconsistent with appellant's explanation in addition to the inference provided by the statute[1]  specifically that the identification number on the vehicle had been removed.
But an inference that the identification number was removed by the person who sold the moped to appellant is just as reasonable as, and comports with, appellant's otherwise unrefuted testimony that he purchased the vehicle in poor condition from a person named Middleton. In other words, the alleged additional incriminating circumstances do not point to this appellant as the thief to the reasonable exclusion of some other person. There is then no meaningful distinction between this case and those relied upon by appellant. "The law does not deal in probabilities, but in proof of guilt beyond [a] reasonable doubt." A.R. and F.M. v. State, 393 So.2d 1174, 1175 (Fla. 3d DCA 1981), citing Davis v. State, 90 So.2d 629 (Fla. 1956) and Fisk v. State, 138 Fla. 815, 190 So. 10 (1939).
Reversed and remanded with directions to discharge the appellant.
SCHWARTZ, Chief Judge (dissenting).
I would agree that, standing alone, the circumstantial evidence introduced against R.D.S. is insufficient, applying the usually applicable rule on the subject, to establish his guilt. But, uniquely in a prosecution like this one for theft, the state is aided by the statutory inference of guilty knowledge supplied by Sec. 812.022(2), Fla. Stat. (1983). State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). That inference may, in turn, be dissipated as a matter of law, only *1183 when the possession of a recently stolen object is "satisfactorily explained" by entirely "unrefuted, exculpatory, and not unreasonable" testimony of innocence. R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981). Accord, R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981).
In my view, the evidence that the moped's identification number had been deliberately defaced was an "additional incriminating circumstance" under R.A.L., which takes this case out of that category. I think that the trial judge, as the trier of fact, was entitled to consider the likelihood either that the respondent knew or should have known of the removal or that he had done it himself and conclude, as the court obviously did, that the juvenile's testimony was unworthy of belief and thus that the legislatively-imposed inference of guilt had not been overcome. See State v. Graham, 238 So.2d 618 (Fla. 1970). I believe therefore that P.N. v. State, 443 So.2d 193 (Fla. 3d DCA 1983), and State v. Fox, 404 So.2d 799 (Fla. 3d DCA 1981), rather than R.A.L., R.M., and A.R., control. I would affirm.
NOTES
[1] Section 812.022(2), Florida Statutes (1983) provides:

Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen. [e.s.]