PER CURIAM.
Appellant, a juvenile, appeals from an adjudication of delinquency. He was arrested in possession of a recently stolen moped. The explanation appellant gave to the police officer who arrested him was that a friend named Tim had given it to him. He was unable to further identify Tim, except to say that they had become acquainted at a neighborhood park about three weeks prior to his arrest. He did not know Tim’s last name.
Appellant was charged with being in possession of a recently stolen moped in violation of Section 812.014, Florida Statutes (1983). The court, in a non-jury trial, found that he was guilty of petit theft and adjudicated him a delinquent.
Appellant seeks reversal on the sole ground that the circumstantial evidence relied upon by the state was insufficient to support the adjudication of delinquency. We agree and reverse.
The appellant’s unrefuted, exculpatory, and not unreasonable explanation of his possession of the stolen moped — that his friend Tim had allowed him to use it — rendered the state’s case, which was based solely on the inference provided by Section 812.014, Florida Statutes (1983), without any additional circumstances, insufficient as a matter of law to establish guilt. J.K. v. State, 448 So.2d 71 (Fla. 3d DCA 1984); R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981).
Reversed.