463 So.2d 1168 (1984)
J.J., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-762.
District Court of Appeal of Florida, Third District.
November 27, 1984.
On Rehearing February 26, 1985.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
PER CURIAM.
Appellant, a juvenile, appeals from an adjudication of delinquency. He was arrested in possession of a recently stolen moped. The explanation appellant gave to the police officer who arrested him was that a friend named Tim had given it to him. He was unable to further identify Tim, except to say that they had become acquainted at a neighborhood park about three weeks prior to his arrest. He did not know Tim's last name.
Appellant was charged with being in possession of a recently stolen moped in violation of Section 812.014, Florida Statutes (1983). The court, in a non-jury trial, found that he was guilty of petit theft and adjudicated him a delinquent.
Appellant seeks reversal on the sole ground that the circumstantial evidence relied upon by the state was insufficient to support the adjudication of delinquency. We agree and reverse.
The appellant's unrefuted, exculpatory, and not unreasonable explanation of his possession of the stolen moped  that his friend Tim had allowed him to use it  rendered the state's case, which was based solely on the inference provided by Section 812.014, Florida Statutes (1983), without any additional circumstances, insufficient as a matter of law to establish guilt. J.K. v. State, 448 So.2d 71 (Fla. 3d DCA 1984); R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981).
Reversed.
*1169 HUBBART, Judge, dissenting.
I must respectfully dissent. I would affirm the adjudication of delinquency under review.
The juvenile herein was apprehended by the police while driving the stolen moped in question within a week after it had been stolen. This uncontradicted evidence of possession of recently stolen property was sufficient to sustain a delinquency adjudication for the theft of the moped unless the juvenile could give a satisfactory explanation for his being in possession of the moped. § 812.022(2), Fla. Stat. (1983). The law is well settled that the reasonableness of such an explanation is ordinarily a question of fact for the jury to determine, or the judge in a non-jury trial, together with all the other facts and circumstances in the case. Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981); Borghese v. State, 158 So.2d 785 (Fla. 3d DCA 1963); see Tavalaccio v. State, 59 So.2d 247, 248-49 (Fla. 1952).
I think the trial court was more than justified in rejecting as unworthy of belief the juvenile's explanation herein that a friend identified only as "Tim" gave him the moped in question earlier that day. The juvenile did not know the friend's last name or where the friend lived. The arresting officer unsuccessfully attempted to locate this friend by proceeding with the juvenile to a nearby park which the juvenile stated the friend frequented; no such "Tim" could be found. The juvenile's explanation was, therefore, refuted in part by the police investigation herein. Beyond that, the explanation itself was inherently suspect; surely, people do not ordinarily receive legitimate gifts of relatively expensive personal property, such as a moped, from such vaguely described, casual acquaintances as stated by the juvenile herein. At the very least, I think the trial court could reasonably reach this conclusion. Contrary to this court's analysis, then, I think the juvenile's explanation herein was both refuted and unreasonable.
I recognize that there is prior decisional law which requires the trial court in a theft case to accept as true an accused's explanation for his being in possession of stolen property where, unlike this case, the explanation is both reasonable and unrefuted. See, e.g., R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981). We stretch those cases to the breaking point, however, when we allow threadbare stories like the present one to defeat an otherwise valid prosecution for theft.
I would affirm.

ON REHEARING
PER CURIAM.
The state has filed a motion for rehearing which we grant. The original opinion of the court is receded from and Judge Hubbart's dissent thereto is adopted as the opinion of the court. The adjudication of delinquency under review is in all respects
Affirmed.