466 So.2d 395 (1985)
Jack C. COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-880.
District Court of Appeal of Florida, Second District.
March 27, 1985.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from a conviction for dealing in stolen property.
*396 Appellant was charged with grand theft and dealing in stolen property. At the trial, the production manager for Kenyon Marine, Inc., testified that when he closed the business on December 5, 1983, some aluminum sailboat mast collars and spreaders were located in a shopping cart inside the rear gate. When he returned early the following morning, he noticed that a portion of the chain link fence surrounding the property had been pulled open by lifting it off its rollers. The aluminum sailboat parts valued at more than $1800 were missing. He called the police and also asked some scrap metal dealers to be on the lookout for the stolen property.
On the morning of December 6, 1983, the appellant tried to sell some pieces of extruded aluminum which he had in his car trunk to one of the scrap metal dealers. The pieces were later identified as the stolen sailboat parts. The dealer recognized the parts as being similar to those described to him a few minutes earlier by the production manager of Kenyon. He called the police and delayed the appellant until he could be arrested.
The appellant testified that he was a junk dealer. He explained that he collects discarded metal and sells it to various dealers. He stated that on December 6, 1983, at about 6:30 a.m., he went to a business called Contrary Times that was closing down. He went there because he thought that it was likely to be discarding unwanted items. He testified that he found the collars and spreaders in a dumpster, although he only recognized them as aluminum for potential resale. He denied stealing the items. He contended that he had previously sold junk to the same scrap metal dealer, although the two employees who testified were uncertain of this fact. The jury found the appellant not guilty of grand theft but guilty of dealing in stolen property.
Section 812.022(2), Florida Statutes (1981), provides as follows:
(2) Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
The inference created by the statute is sufficient to convict. Edwards v. State, 381 So.2d 696 (Fla. 1980); cf. State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969) (burglary conviction upheld for unexplained possession of goods recently stolen where a building has been broken into and entered). Appellant argues, however, that the explanation of how he acquired the stolen items was sufficient to dispel any inference of guilt and that since it was unrefuted, he was entitled to a judgment of acquittal. For this proposition he relies upon R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984) (unrefuted explanation that juvenile had borrowed stolen automobile from his stepfather); R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984) (unrefuted explanation that juvenile had purchased stolen property in damaged condition from a boy named Rodney Middleton); and R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981) (juvenile's unrefuted explanation that he bought stolen Moped at a flea market).
The state argues that the reasonableness of appellant's explanation is a jury question. Thus, in State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981), in which the defendant stated that he obtained the stolen record player from an individual named "Johnny" the day before he sold it, the court said:
[T]he question as to whether the appellant knew the record player was stolen is a jury question once the state proves the appellant was in possession of the recently stolen property. The law has provided a presumption of fact. Possession of recently stolen property gives rise to the presumption the possessor knew or should have known the goods are stolen. Sec. 812.022, Fla. Stat. (1979). Edwards v. State, 381 So.2d 696 (Fla. 1980). Thus in order to establish the criminal liability of the appellee it is necessary for the *397 state only to prove the item was stolen and the accused was dealing in it. Once that is established then it is up to the accused to give a reasonable explanation for his having possessed and sold it, if he is to escape conviction. It is up to the trier of the facts, not the judge on summary judgment, to determine the truth of his story. If that were not so then all an accused person would have to do would be to deny knowledge or intent and the state would be out of court without a trial to determine the matter.
404 So.2d at 845. Accord Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981).
These cases may possibly be reconciled on their facts, but the line is thin. As we see it, the rule is that where a defendant gives a patently reasonable explanation for his possession of recently stolen goods which is totally unrefuted, and there is no other evidence of guilt, the court must direct a judgment of acquittal. If, on the other hand, the explanation is only arguably reasonable or if there is any evidence which places it in doubt, the court should permit the jury to make the decision. We find that appellant's case falls in the latter category.
Appellant, whose credibility was impeached by his admission that he had been convicted of three prior felonies, was found trying to sell the stolen items just a few hours after they had been stolen. To accept appellant's explanation, it would have to be assumed that someone went to the trouble to steal the sailboat parts from fenced-in premises and yet discarded them in a dumpster shortly thereafter. Moreover, the appellant provided no corroboration for his statement that he was in the junk business. The jury was entitled to conclude that appellant's explanation was unsatisfactory.
Affirmed.
SCHOONOVER, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.