492 So.2d 748 (1986)
Harvey Lewis PATTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2004.
District Court of Appeal of Florida, Second District.
August 1, 1986.
*749 James Marion Moorman, Public Defender and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William I. Munsey, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
This is an appeal from a conviction of grand theft and the sentence thereof. Although charged with burglary and grand theft, the trial jury found appellant, Harvey Patten, guilty only as to grand theft.
The record reflects that Bertha S. Olinger, the alleged victim, ran an auction where she sold both new and used items. Besides selling her own merchandise, others were allowed to sell their own items relinquishing a commission to Olinger upon their sale.
On Saturday, January 12, 1985, Ms. Olinger locked her auction house after the auction sometime after midnight. Earlier the next morning she was notified and informed by a neighbor that the auction house door was open. During a review of her goods present in the house, she discovered several items were missing and had been removed through the then open office door. Ms. Olinger's testimony was that most of the missing items were new and not used. These items included two bicycles and various toys. Subsequently, she realized that some used items were also missing. One of these items was a grinder that had been returned because it began to smoke when it was plugged into an electrical outlet.
On January 13, 1985, the same day Ms. Olinger discovered the theft, one Thomas Lambert held an afternoon auction in Dade City. Mr. Lambert testified at trial that he remembered appellant present at his auction and appellant actively participated by selling mostly children's toys. Lambert also noticed that appellant had in his possession two bicycles which matched the description of the missing bikes reported by Ms. Olinger. Lambert also testified that appellant had a grinder that emitted smoke when plugged into an electrical outlet. This testimony was corroborated by that of Byron Barr, owner of the Dade City auction.
Wayne Jordan testified that he purchased several of the above-described items from appellant at the Dade City auction. It was Jordan who contacted the law enforcement authorities after learning that some of the items he had purchased fit the description of items allegedly stolen from Ms. Olinger.
Subsequently, a Detective Van Gesen acquired custody of the items in question from Mr. Jordan. Ms. Olinger identified these items as the ones stolen. An identification at trial was also made of these items by Ms. Olinger, Lambert, Jordan and Det. Van Gesen.
Appellant testified that he went to the Lakeland Farmer's Market around 6:00 a.m. on Sunday, January 13, 1985 and purchased merchandise to resell at the Dade City auction that afternoon. Appellant contended that while at this early morning flea market he bought numerous items from a Georgia man. Some of these goods were later identified as stolen from Ms. Olinger. It never occurred to appellant that these items were stolen because the seller explained to him that he was getting ready to return to Georgia and needed to get rid of the items.
The identity of the Georgia man is unknown to appellant and is not established by any receipt of sale, since no receipt or bill of sale transpired between the parties' alleged sale.
*750 Appellant contends on appeal that the state's evidence was entirely circumstantial, and merely showed that appellant was in possession of stolen property on the afternoon following the burglary, and, therefore, insufficient to uphold the grand theft conviction. We disagree and affirm the conviction. See Colvin v. State, 445 So.2d 657 (Fla. 1st DCA 1984) and Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985).
Section 812.022(2), Florida Statutes (1985), provides:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
The question as to whether appellant knew the items were stolen is a jury question once the state proves the appellant was in possession of the recently stolen property. Thus, in order to establish the criminal liability of the appellee it is necessary for the state only to prove the items were stolen and the accused was dealing in it. Once that is established, then it is up to the accused to give a reasonable explanation for his having possessed and sold it, if he is to escape conviction. Coleman, 466 So.2d at 396-97.
Colvin interprets the theft statute, and particularly section 812.014(1)(a) and (b) to mean that a felonious taking is imputed to the subsequent culpable purchaser or possessor. Section 812.014(1)(a) and (b) provide that:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
It can be imputed that appellant committed grand theft in violation of section 812.014(1) by this possession alone, without regarding the question of whether appellant was the actual one to "take" the items from Ms. Olinger's auction house.
Consequently, we affirm the trial court's adjudictation of guilt as to grand theft, but remand for resentencing. The trial court departed from the guidelines utilizing improper reasons. The court reasoned that sentencing should depart the presumptive guidelines sentence due to the appellant's prior offenses, which had already been factored into the presumptive sentence. Such reasoning is improper. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Dawkins v. State, 479 So.2d 818 (Fla. 2d DCA 1985) and Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1985). Further, the court made reference to pending charges against the appellant for a reason for guidelines departure. This is improper. Florida Rule of Criminal Procedure 3.701(d)(11) states that reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction.
Because of these improper reasons for departure, the sentence portion of the adjudication is reversed and remanded, and the trial court is directed to resentence appellant in accordance with the suggested guidelines.
Affirmed in part and reversed in part.
GRIMES, A.C.J., and SANDERLIN, J., concur.