FRANK, Judge.
The appellee, Grimmage, was charged with burglary of a dwelling, grand theft and, subsequently, with felonious possession of a firearm. He pleaded not guilty and moved to dismiss both cases; the state demurred. Following a hearing the trial court granted the motion to dismiss. We reverse.
In his motion to dismiss Grimmage admitted that he sold a gun to a pawn shop five days after the gun had been reported stolen from a home located .15 miles from his home. The sale price was considerably less than the gun’s market value. He ex *524 plained that he had received the gun from an unidentified person and denied committing the burglary.
The state announced its intention to rely upon the presumption provided by section 812.022(2), Florida Statutes (1985), that an individual in possession of recently stolen property, without a satisfactory explanation, knew or should have known that the property was stolen. This presumption, standing alone, has been held sufficient to support a theft conviction. Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985); Morgan v. State, 303 So.2d 393 (Fla. 2d DCA 1974); Burroughs v. State, 221 So.2d 159 (Fla. 2d DCA 1969). Here, however, the trial court dismissed the information based upon an erroneous impression that the five-day period was too long to support the presumption.
In Burroughs we rejected a contention that six weeks between the theft and discovery of a stolen automobile was too long to permit reliance upon the presumption that the defendant knew the property was stolen. We emphasized in that instance that the nature and identity of the property were important considerations, as is the defendant's explanation for his possession of the property. Our observation in Coleman was:
As we see it, the rule is that where a defendant gives a patently reasonable explanation of his possession of recently stolen goods which is totally unrefuted, and there is no other evidence of guilt, the court must direct a judgment of acquittal. If, on the other hand, the explanation is only arguably reasonable or if there is any evidence which places it in doubt, the court should permit the jury to make the decision.
466 So.2d at 397.
Only after factual inquiry will the propriety of the application of section 812.022(2) to this case be apparent. The trial court acted prematurely in dismissing the theft and burglary charges.
Finally, because Grimmage admitted that he possessed the firearm when he sold it in Hillsborough County and not in Pinellas County, where the information was initiated, the trial court dismissed the charge of felonious possession of a firearm on venue grounds. A jury could reasonably conclude, however, that if the defendant had stolen the gun in Pinellas County he also feloniously possessed it there, with the result that venue would lie in Pinellas County.
The order granting appellee’s motion to dismiss is reversed, and this cause is remanded with direction for the trial court to reinstate the information.
RYDER, A.C.J., and HALL, J., concur.