PER CURIAM.
We reverse the order adjudicating E.L.S. delinquent because we find that his conviction for theft is not supported by the record. The state failed to prove that E.L.S. knew the truck in which he was riding was stolen. State v. Lewis, 364 So.2d 1223 (Fla.1978); State v. Allen, 362 So.2d 10 (Fla.1978); R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984); R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982). His unrefuted, exculpatory, and not unreasonable, explanation that the driver told him the truck belonged to the driver’s uncle from whom it had recently been stolen and to whom it had been returned precluded conviction under section 812.014, Florida Statutes (1987). R.M., 450 So.2d at 897; R.M., 412 So.2d at 44; B.L.W. v. State, 393 So.2d 59 (Fla. 3d DCA 1981); see also, P.L.C. v. State, 458 So.2d 800 (Fla. 3d DCA 1984); R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981).
Reversed and remanded.
NESBITT and BASKIN, JJ., concur.