LEVY, Judge.
Appellant, a juvenile, was found driving a stolen car less than twenty-four hours after the theft took place. The appellant testified at his adjudicatory hearing, that he thought that the car belonged to his friend’s uncle. However, the trial judge discounted appellant’s testimony, explaining: “[Fjrankly I don’t believe him.... I don’t believe him, or come any where close to believing him. And I find, beyond and to the exclusion of any reasonable doubt, that he used this car, without its owner’s permission. That is, that he operated this stolen vehicle_ lam satisfied that ... I can find him to be lying.... ”
The court correctly considered the applicability of the statutorily created inference that a person in possession of recently stolen property either knew or should have known that the property had been stolen. Section 812.022(3) Florida Statutes (1987). The appellant, however, points to the exculpatory language, contained within that statutorily created inference, that provides that the inference will not be drawn when a person has “satisfactorily explained” the possession of recently stolen property. We are not persuaded by this argument.
When the trial judge, sitting as the trier-of-fact, found the appellant’s testimony to be unbelievable, the court was also inherently finding that the appellant’s possession of the stolen property was not “satis *408 factorily explained”. See J.J. vs. State, 463 So.2d 1168 (Fla. 3d DCA 1984).
Accordingly, we find that the trial court’s findings and rulings should be affirmed.
Affirmed.