PER CURIAM.
This is an appeal by the respondent G.R. from (1) juvenile delinquency adjudications for theft and uttering two forged instruments, and (2) a dispositional order placing the respondent on community control with a special condition that $70 in restitution be made. We affirm with one modification.
First, we reject the respondent’s contention that the trial court erred in denying his motion for judgment of acquittal as to the theft and uttering a forged instrument charges. The state established below that the respondent attempted to cash two stolen American Express travelers checks at the American Express Office in Miami; the original signatures at the top of both checks had been erased and the defendant’s name appeared over the top of the original signature. The respondent cryptically claimed at trial that he had no knowledge that the travelers checks were stolen, that he had received the checks from an alleged friend who in turn had received them from the alleged friend’s stepfather, that he passed the checks for his alleged friend to buy sneakers and clothes, and that the travelers checks were blank when received. Clearly, the trial court was privileged to reject this explanation for the respondent’s action in attempting to cash the subject travelers checks as not being worthy of belief because (a) the explanation was extremely vague as to the exact identity and address of the persons from whom he received the checks, as well as the date, time, and other circumstances under which the checks were received, and (b) the respondent conceded that he was aware that the signature at the top of the checks had been erased when he signed his name over such erased signatures, and, consequently, was well aware of their altered, dubious character. This being so, the evidence adduced below was clearly sufficient to sus *208 tain the adjudications under review. Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985); Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981); § 812.022(2), Fla.Stat. (1989).
Second, we accept the state’s confession of error that the trial court committed reversible error in ordering the respondent to pay American Express $70 in restitution. This is so because, without dispute, American Express did not lose any money in this case. The original purchaser of the two travelers checks paid American Express $70 for the subject checks and was refunded this money when the checks were stolen; the respondent was unable to cash these two checks when he uttered them on the day in question, and therefore American Express did not pay any money on these checks and suffered no loss thereon. Obviously, then, the subject order of restitution cannot stand as restitution cannot be ordered under Section 39.11(l)(f), Florida Statutes (1989) where, as here, there has been no loss sustained by anyone.
The juvenile delinquency adjudication and dispositional order under review are affirmed — save for that portion of the dis-positional order requiring restitution to American Express in the amount of $70, which is hereby stricken.
Affirmed as modified.