827 So.2d 1065 (2002)
Michael Lee HAUGABROOK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3036.
District Court of Appeal of Florida, Second District.
October 11, 2002.
*1066 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Michael Haugabrook appeals his various convictions based on events surrounding an admitted sale of illegal drugs. A four-count information charged him with burglary of a dwelling, grand theft in the third-degree, dealing in stolen property, and obtaining money from a second-hand dealer by fraud. At trial, the jury found him guilty of dealing in stolen property and obtaining money from a second-hand dealer by fraud, as charged. The jury also returned verdicts of guilty to the lesser-included offenses of trespass and petit theft. Mr. Haugabrook appeals his four convictions, asserting that the circumstantial evidence that the State presented was insufficient to convict him of any of the charges. We agree with his contentions as to trespass and petit theft but not as to dealing in stolen property and obtaining money from a second-hand dealer by fraud.

EVIDENCE PRESENTED AT TRIAL
At approximately 8:45 a.m. on December 22, 1999, Stephen Curtis, the tenant of unit 34 in an apartment complex in south Tampa, departed for work after locking his apartment and setting the deadbolt. When he returned home that day after work around 5:45 p.m., he found the door to his apartment wide open. He observed that the wood of the door frame holding the deadbolt had been chipped away, leaving a half-inch gap between the frame and the lock. Upon entering his apartment, he discovered several items missing: his stereo unit with two speakers, which had been taken from the stereo cabinet leaving dangling wires, a gold necklace, and two Tampa Bay Buccaneers football jerseys. Because the stereo had identifying marks on it, the police later recovered it from a pawnshop located some distance away from his apartment in another section of the city. The other items were not recovered.
Mr. Curtis also testified that a young woman, Debbie, had lived in the complex with her aunt in a nearby apartment. At the time of the incident, however, Debbie lived in another unit in the complex with her boyfriend. Debbie had visited Mr. Curtis on several occasions, including the night before the break-in. Furthermore, he had permitted her to store several boxes of her personal belongings in his apartment, *1067 which she removed sometime following the crimes.
The responding police officer testified that he noticed the wood chipped out of the door frame where it held the deadbolt, the wood chips on the floor, and the unconnected wires dangling from the empty stereo cabinet. Another officer testified that records from Cash America Two, a pawnshop on Hillsborough Avenue, showed that Mr. Curtis's stereo was pawned on December 22, 1999, at 3:29 p.m. by a Michael L. Haugabrook. The assistant manager of the pawnshop confirmed the day and time of the pawn as well as the amount paid out. He also noted that the person pawning the stereo had provided a thumbprint, which, according to the testimony of the latent print examiner, matched the known print of Mr. Haugabrook.
The first defense witness testified that she and Mr. Haugabrook had lived together and, although they were no longer together, she still loved him and considered him her best friend. She also testified that on one occasion, just a few days before the break-in, she observed a woman named Debbie give Mr. Haugabrook jewelry in exchange for crack cocaine.
Mr. Haugabrook testified in his own defense. He said that on December 22, 1999, he twice visited with Debbie in unit 34. First, in response to her telephone call, they met outside the apartment, Debbie opened the door, and they went inside where they smoked two pieces of crack cocaine. She told him that she was now living in this unit. Mr. Haugabrook, although he was in the midst of a three-day drug binge, remembered that Debbie opened the door without a key, and he did not notice any damage to the door or the lock. Although Debbie said that she had been living in this apartment for a month, there were many boxes throughout the apartment and lots of stuff just sitting there. After he went home, Debbie called him a second time. He returned to the apartment complex and met her in the parking lot. Debbie wanted more drugs and offered a stereo. They went upstairs to the apartment and he gave her drugs in exchange for the stereo. He wrapped the stereo in a blanket that Debbie retrieved from another room in the apartment and took it to the pawnshop where he received $110 for it.
Mr. Haugabrook admitted to the jury that he had ten prior felony convictions.

DISCUSSION
Mr. Haugabrook contends that the evidence, when measured against the requirements of the circumstantial evidence rule, is legally insufficient and the lack of proof entitles him to a judgment of acquittal on all counts. Although the circumstantial evidence rule can be stated with certainty and ease, applying the rule is often a daunting task because "the nature and quantity of circumstantial evidence in each case is unique." McArthur v. State, 351 So.2d 972, 976 (Fla.1977). The standard of review for circumstantial evidence cases was set forth in State v. Law, 559 So.2d 187 (Fla.1989), where our supreme court stated:
A special standard of review of the sufficiency of the evidence applies when a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse. It is the *1068 trial judge's job to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences.
Id. at 188 (citations omitted).
The State does not bear the burden to rebut conclusively every possible variation of events that might be inferred from the evidence but "only to introduce competent evidence which is inconsistent with the defendant's theory of events." Id. at 189. Once the State introduces competent evidence inconsistent with the defendant's theory of events, the trial court must review that evidence, in a light most favorable to the State, to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. "Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt." Id.
We turn first to the offense of dealing in stolen property. Section 812.019(1), Florida Statutes (1999), makes it a crime for any person to traffic in property that he "knows or should know was stolen." Thus, the State must establish that Mr. Haugabrook either knew or should have known that the stereo was stolen.
This element of knowledge has been examined in a case involving a predecessor statute that proscribed the buying or receiving of stolen property. In B.S. v. State, 320 So.2d 459 (Fla. 3d DCA 1975), the Third District concluded that to sustain a conviction for receiving stolen property a defendant's knowledge could be shown in one of two ways. "It will suffice if the state proves: (1) that the defendant had knowledge that the property was stolen at the time he dealt with it, or (2) that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution on inquiry." Id. at 461. This latter "suspicious circumstances" method in B.S. is similar to the element outlined in section 812.019(1), that the seller of stolen property should have known that a particular item was stolen.
Also at work in a prosecution for dealing in stolen property is the evidentiary inference created by statute. Section 812.022(2) creates an evidentiary inference that "possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property ... should have known that the property had been stolen." The statutory intent is to require a person to use caution and common sense when selling property of unknown provenance rather than to ignore any danger signals. "[T]o mute the probative value of the statutory inference, the accused must offer a satisfactory explanation for having possessed the stolen item." Jackson v. State, 736 So.2d 77, 81 (Fla. 4th DCA 1999).
This court previously held, in affirming a conviction for dealing in stolen property, that the "inference created by the statute is sufficient to convict." Coleman v. State, 466 So.2d 395, 396 (Fla. 2d DCA 1985); see also Patten v. State, 492 So.2d 748 (Fla. 2d DCA 1986). In Coleman, we acknowledged the thin line courts tread when analyzing circumstantial evidence in light of the statutory inference.
[W]here a defendant gives a patently reasonable explanation for his possession of recently stolen goods which is totally unrefuted, and there is no other evidence of guilt, the court must direct a judgment of acquittal. If, on the other hand, the explanation is only arguably reasonable or if there is any evidence which places it in doubt, the court *1069 should permit the jury to make the decision.
Coleman, 466 So.2d at 397.
We find that, given the evidence brought forth at trial, the trial court could properly conclude that Mr. Haugabrook's hypothesis of innocence was not patently reasonable it was barely arguably reasonable and the State presented competent evidence from which the jury could infer guilt. This conclusion is based on a number of factors, including the fresh damage to the door frame around the deadbolt; the defendant's status as a ten-time convicted felon; the defendant's admission that he was dealing drugs to the person who gave him the stereo in exchange for cocaine; the fact that Debbie could just as easily have pawned the stereo herself to get cash; and the defendant's surreptitious removal of the stereo, wrapped in a blanket, from the victim's apartment.
Unless it is grounded in credibility, an accused's explanation does not automatically entitle him or her to a judgment of acquittal. In Dellechiaie v. State, 734 So.2d 423 (Fla. 2d DCA 1998), the statutory inference on possession of recently stolen property was overcome, at least in part, because the defendant's explanation was not unreasonable. Dellechiaie relied upon the Coleman decision for its result. See Dellechiaie, 734 So.2d at 424 (citing Coleman, 466 So.2d at 395). Unlike in Dellechiaie, we conclude, as we did in Coleman, that Mr. Haugabrook's case fell in the category requiring jury resolution. This is particularly so because his credibility was both impeached by prior convictions, which greatly exceeded the three prior felonies noted in Coleman, and was suspect because of his admittedly criminal conduct of selling cocaine. The jury could and did conclude that Mr. Haugabrook's explanation that he thought Debbie truly owned the stereo was unbelievable and unreasonable. Therefore, we affirm the conviction for dealing in stolen property.
We address next the conviction for petit theft vis-a-vis the conviction for dealing in stolen property. The information charged Mr. Haugabrook in count II with theft of property consisting of electronic equipment and clothing. The dealing in stolen property count also identified the stolen property as electronic equipment. Section 812.025 provides that, although the State may charge both offenses, the trier of fact may return a guilty verdict on only one of the offenses. Therefore, the theft charge may not stand where the theft was for the electronic equipment that served as the basis for the dealing in stolen property conviction. T.S.R. v. State, 596 So.2d 766 (Fla. 5th DCA 1992). Furthermore, there was no evidence whatsoever tying the missing clothing to Mr. Haugabrook; thus, the theft conviction cannot stand on this alternative basis. We must reverse the conviction for petit theft.
Mr. Haugabrook was also charged with burglary of a dwelling; the jury returned a verdict of guilty to the lesser-included offense of trespass. To sustain a conviction for trespass pursuant to section 810.08, Florida Statutes (1999), the State must prove that a person "without being authorized, licensed, or invited, willfully enters or remains in any structure..., or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so." § 810.08(1). Consent to entry is an affirmative defense to trespass. Fla. Publ'g Co. v. Fletcher, 340 So.2d 914 (Fla.1976). Here, Mr. Haugabrook's testimony placed in issue the defense of consent to entry because he testified that Debbie, who told him she now lived there, invited him into the apartment. The State's proof of unlawful entry *1070 and lack of consent rested entirely on the circumstantial evidence that there was some wood chip debris on the floor in the area of the door frame as well as a gap between the lock and the door, suggesting a forced entry, and that Debbie lacked the legal ability to give consent to the entry. As to the former evidence, there was no proof that the defendant actually saw the debris or that the condition was so obvious that it could not be missed. As to the latter, Mr. Curtis, the lawful tenant of the apartment, testified that Debbie had frequented the apartment and had stored her property there. Debbie did not testify at all, and Mr. Curtis did not testify that Debbie did not have lawful access to his apartment and that this fact was known to Mr. Haugabrook. Thus, the State's evidence was insufficient to overcome Mr. Haugabrook's affirmative defense of consent. Accordingly, the conviction for trespass must also be reversed.
As to the final charge, obtaining money from a second-hand dealer by fraud in violation of section 538.04, Florida Statutes (1999), we hold that there was substantial, competent evidence to sustain that conviction.
In summary, we affirm the convictions for dealing in stolen property and obtaining money from a second-hand dealer by fraud; we reverse the convictions for trespass and petit theft and vacate the sentences imposed for them; and we remand for resentencing.
ALTENBERND and NORTHCUTT, JJ., concur.