HAZOURI, J.
Appellant, J.H., appeals from his adjudication of delinquency for petit theft. We reverse and direct the trial court to discharge J.H.
A petition for delinquency was filed June 19, 2002, alleging J.H., a child, had committed the delinquent act of petit theft, a first degree misdemeanor, in violation of section 812.014(l)(a) and (2)(e), Florida Statutes (2001). The petition alleged the property taken, a cellular phone, had a value of more than $100 but less than $300.
The cellular phone in question belonged to Susie Bonilla who was employed in the office at Parkway Academy, the school where the theft occurred. Although her office door was kept open, no one was allowed to enter without her permission. She kept her purse in her desk and her cell phone, a 3390 champagne-colored Nokia, on top of her desk. The value of the cellular phone was approximately $140.
On May 21, 2002, at approximately 11:30 a.m., Bonilla reported that her cell phone had been stolen. Bonilla did not witness the theft and had no idea who may have stolen her phone. The theft was reported *1238 to law enforcement who conducted an investigation in an attempt to locate the cellular phone. The record reflects that juvenile S.J., was suspected of having stolen the cellular phone[1] and was called to the office where he was confronted by law enforcement and Academy personnel. S.J. admitted that he had stolen the cellular phone, but did not currently have it in his possession.
J.H. was then called to the office and asked by law enforcement whether he knew anything about the phone. J.H. stated that he had the phone and had been holding it for S.J. because S.J. had left the cellular phone in the classroom. J.H. took the phone from his left pocket and gave it to the investigating officer.
J.H. argues on appeal that the state’s case rests wholly on circumstantial evidence and the inference of guilt under section 812.022(2), Florida Statutes (2001), for possession of recently stolen property. J.H. further asserts that his explanation of his possession of the stolen cellular phone is unrefuted, exculpatory and not unreasonable and, therefore, the inference of guilty knowledge is thereby dispelled. We agree.
Section 812.022(2) provides as follows:
(2) Proof of possession of property recently stolen, unless satisfactorily. explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
(Emphasis added.)
This court held in Jackson v. State, 736 So.2d 77, 84 (Fla. 4th DCA 1999), “that where a conviction for theft was based on nothing more than the section 812.022(2) inference, then the evidence was legally insufficient to support a guilty verdict, in the face of an unrefuted, exculpatory and not unreasonable explanation offered by the accused for his possession of the goods in question.”
Similarly, in Coleman v. State, 466 So.2d 395, 397 (Fla. 2d DCA 1985), the court held:
[Wjhere a defendant gives a patently reasonable explanation for his possession of recently stolen goods which is totally unrefuted, and there is no other evidence of guilt, the court must direct a judgment of acquittal. If, on the other hand, the explanation is only arguably reasonable or if there is any evidence which places it in doubt, the court should permit the jury to make the decision.
The facts of the instant case are similar to a line of case law arising out of the third district. In R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981), an adjudication of delinquency was reversed because the defendant’s “unrefuted, exculpatory, and not unreasonable explanation of his possession of a stolen moped that he bought it at a flea market rendered the state’s case, which was based solely on the inference provided by Section 812.022(2) ... without any additional incriminating circumstances, insufficient as a matter of law to establish guilt.” Id. at 1337.
Likewise, in R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982), the appellate court reversed the defendant’s adjudication of delinquency because his unrefuted explanation that he borrowed the bicycle from a friend precluded a conviction.
In R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984), the defendant was adjudicated delinquent after he was arrested in *1239 possession of a stolen and severely damaged moped from which the identification number had been removed. He explained that he bought the moped from a boy named Rodney Middleton for $35 and it was in poor condition when he bought it. The state did not attempt to verify or refute his testimony. On appeal the state argued that there were incriminating circumstances inconsistent with the explanation, i.e., that the ID number was removed. The court held: “But an inference that the identification number was removed by the person who sold the moped to appellant is just as reasonable as, and comports with, appellant’s otherwise unrefuted testimony that he purchased the vehicle in poor condition from a person named Middleton.” Id. at 1182.
Finally, the third district again reversed an adjudication of delinquency in R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984), in which R.M. was driving a stolen automobile but his reason for possession, that he borrowed it from his stepfather, was unre-futed, exculpatory and not unreasonable and therefore the state’s case was insufficient as a matter of law.
In the instant case, J.H. explained that he had seen S. J. with the cell phone, showing it off in class, and after S.J. was called out to the principal’s office, J.H. found the phone on the floor. He picked it up to hold it for S.J. until the next day. This explanation is exculpatory, unrefuted and reasonable. Therefore, the adjudication of delinquency is reversed with directions to discharge J.H.
REVERSED.
STONE and GROSS, JJ„ concur.

. It is unclear how S.J. became a suspect but it appears that another student may have tipped off the authorities.