870 So.2d 923 (2004)
Salvatore BERTONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1159.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Salvatore Bertone appeals his conviction for dealing in stolen property, contrary to section 812.019(1), Florida Statutes (2002). *924 We reverse in this circumstantial evidence case, because the evidence was legally insufficient to sustain the conviction.
Bertone was charged with "trafficking" in two DeWalt saws, which he had pawned and later retrieved from a pawn shop.
To establish the statutory element that Bertone knew or should have known the saws were stolen, the state relied on section 812.022(2), Florida Statutes (2002), which provides:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
In Jackson v. State, 736 So.2d 77, 83-84 (Fla. 4th DCA 1999), we held that the circumstantial evidence rule of State v. Graham, 238 So.2d 618 (Fla.1970), applied to the inference of guilty knowledge created by section 812.022(2). In Graham, the supreme court held that the unexplained possession of recently stolen property, and nothing more, was insufficient to support a conviction for buying, receiving, or aiding in the concealment of stolen property. The supreme court wrote that
[p]roof of mere naked possession of property recently stolen, not aided by other proof that the accused received it knowing it to have been stolen, is not sufficient to show guilty knowledge. Proof of possession should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.
238 So.2d at 621 (citation omitted).
A line of cases[1] following the reasoning of Graham holds that a section 812.022(2) inference, without more, is legally insufficient to support a guilty verdict, in the face of an unrefuted, exculpatory and not unreasonable explanation offered by the accused for his or her possession of the goods in question. Jackson, 736 So.2d at 84.
In this case, the victim said that the saws were stolen from his truck between June 15 and 17, 2002. Bertone testified that after work on June 17, 2002, he ran into his friend, Jose Garcia, a carpentry worker. Garcia's car had broken down and appeared to be overheated. Because he did not have identification with him, Garcia asked Bertone to pawn two saws for him so that Garcia could use the money. Bertone took the saws to the Happy Hocker pawn shop and requested $40 for them. He took the money back to Garcia. A few days later, Bertone returned to the pawn shop with money given to him by Garcia. He retrieved the saws and returned them to Garcia.
Bertone's explanation for possessing the stolen saws was "patently reasonable." Coleman v. State, 466 So.2d 395, 397 (Fla. *925 2d DCA 1985). The state offered no other evidence of guilt. Id.
This case does not demonstrate the "other incriminating evidence and circumstances" under Graham that courts have found sufficient, when combined with possession of recently stolen property, to support a theft conviction. Bertone did not attempt to conceal his conduct with the saws; he pawned and retrieved the items using his name and identification. Bertone did not sell the saws at less than fair value; he used the saws as collateral for a loan from a pawn shop, which he repaid. Because it could not be established when the saws were stolen, Bertone was not caught possessing them a very short time after the theft. Cf. S.P.L. v. State, 512 So.2d 1153 (Fla. 1st DCA 1987); Coleman, 466 So.2d at 397. Nothing about the condition of the saws "should have placed a reasonable person on notice" that they were stolen. Periu v. State, 490 So.2d 1327, 1329 (Fla. 3d DCA 1986) (involving a car with a windshield in a "smashed-up condition" combined with the absence of any vehicle identification numbers); see also D.G. v. State, 547 So.2d 295 (Fla. 3d DCA 1989) (where automobile showed signs of forced entry and physical damage in defendant's possession within twenty-four hours after the taking). Bertone was not caught in a lie while giving an improbable story. See J.J. v. State, 463 So.2d 1168 (Fla. 3d DCA 1984). Nor did Bertone's trial version of his possession of the saws conflict with any pretrial explanation. Cf. N.C. v. State, 478 So.2d 1142, 1144 (Fla. 1st DCA 1985); P.N. v. State, 443 So.2d 193 (Fla. 3d DCA 1983).
This case resembles cases where defendants' unrefuted explanations of their possession of recently stolen property have been held insufficient to support a theft conviction. See J.H. v. State, 868 So.2d 1237, 1238 (Fla. 4th DCA 2004) (concerning student who found cell phone in class and planned to return it to the classmate he thought it belonged to the next day); Dellechiaie v. State, 734 So.2d 423, 424-25 (Fla. 2d DCA 1998) (regarding defendant who obtained car from unknown man in return for hauling it off property); E.L.S. v. State, 547 So.2d 298, 299 (Fla. 3d DCA 1989) (involving driver who told defendant that truck belonged to driver's uncle); M.M. v. State, 547 So.2d 139 (Fla. 1st DCA 1989) (concerning defendant who borrowed motorcycle from a friend, giving friend's last name and offering to show officer where friend lived); R.M. v. State, 450 So.2d 897, 898 (Fla. 3d DCA 1984) (involving defendant who borrowed vehicle from his stepfather); R.D.S. v. State, 446 So.2d 1181, 1182 (Fla. 3d DCA 1984) (regarding defendant who purchased moped from a boy named Rodney Middleton for $35); R.M. v. State, 412 So.2d 44, 45 (Fla. 3d DCA 1982) (involving defendant who borrowed bicycle from a friend).
The state relies on Haugabrook v. State, 827 So.2d 1065 (Fla. 2d DCA 2002), to argue that this case presented a jury question. Haugabrook is distinguishable. Haugabrook's explanation for possessing stolen property was "not patently reasonable" and there were other incriminating evidence and circumstances under Graham which supported the conviction. Haugabrook, 827 So.2d at 1069.
However, Haugabrook cites to Patten v. State, 492 So.2d 748, 750 (Fla. 2d DCA 1986), a case which holds that the section 812.022(2) inference is sufficient to create a jury question "once the state proves [a defendant] was in possession of the recently stolen property." Patten states that "in order to establish the criminal liability ... it is necessary for the state only to prove the items were stolen and the accused was dealing in it." Id. at 750. Patten is consistent with pre-Graham, pre-section *926 812.022(2) cases. See Jackson, 736 So.2d at 81-82. Because Patten would require affirmance, we certify conflict with it.
The conviction for dealing in stolen property is reversed.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] See Dellechiaie v. State, 734 So.2d 423 (Fla. 2d DCA 1998); E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989); M.M. v. State, 547 So.2d 139 (Fla. 1st DCA 1989); B.P. v. State, 515 So.2d 423 (Fla. 3d DCA 1987); Valdez v. State, 492 So.2d 750 (Fla. 3d DCA 1986); J.J. v. State, 463 So.2d 1168 (Fla. 3d DCA 1984); R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984); R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); McNeil v. State, 433 So.2d 1294 (Fla. 1st DCA 1983); R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981). In addition to the charge of dealing in stolen property, this line of cases has applied the reasoning of Graham to theft charges. See Dellechiaie, 734 So.2d at 423-25; M.M., 547 So.2d at 139-40; R.M., 450 So.2d at 898; R.D.S., 446 So.2d at 1182; McNeil, 433 So.2d at 1295; R.M., 412 So.2d at 45.