SCHWARTZ, Chief Judge.
The appellant was adjudicated delinquent based on a finding that he was guilty of grand theft. That determination was in turn founded upon the presumption of guilty knowledge which arose from the fact that he was in possession of a recently stolen moped. Section 812.022(2), Florida Statutes (1981). When he was stopped by the police, P.N. told the officer first that he had borrowed the moped from a cousin, then a brother, and finally — as he testified at trial — from an otherwise unidentified friend named Victor Cruz. We conclude that the multiplicity of alternative versions advanced by the juvenile created an issue for the trier of fact as to whether his possession of the moped had been satisfactorily explained so as to dissipate the statutory presumption. See State v. Graham, 238 So.2d 618 (Fla.1970). The case is controlled by State v. Fox, 404 So.2d 799 (Fla. 3d DCA 1981), and cases cited, not R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981) or A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981). Furthermore, since credibility is always, and particularly in this area, see State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), for the fact-finder, the trial judge was not required, as P.N. argues, to accept his trial explanation of his earlier misstatements as the product of fright and confusion, rather than a search for a more acceptable, if equally untrue, excuse for his possession of the stolen property. See Andreasen v. State, 439 So.2d 226 (Fla. 3d DCA 1983).
Affirmed.