SCHWARTZ, Chief Judge
(dissenting).
I would agree that, standing alone, the circumstantial evidence introduced against R.D.S. is insufficient, applying the usually applicable rule on the subject, to establish his guilt. But, uniquely in a prosecution like this one for theft, the state is aided by the statutory inference of guilty knowledge supplied by Sec. 812.022(2), Fla.Stat. (1983). State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). That inference may, in turn, be dissipated as a matter of law, only *1183 when the possession of a recently stolen object is “satisfactorily explained” by entirely “unrefuted, exculpatory, and not unreasonable” testimony of innocence. R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981). Accord, R.M. v. State, 412 So.2d 44 (Fla. 3d DCA 1982); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981).
In my view, the evidence that the moped’s identification number had been deliberately defaced was an “additional incriminating circumstance” under R.A.L., which takes this case out of that category. I think that the trial judge, as the trier of fact, was entitled to consider the likelihood either that the respondent knew or should have known of the removal or that he had done it himself and conclude, as the court obviously did, that the juvenile’s testimony was unworthy of belief and thus that the legislatively-imposed inference of guilt had not been overcome. See State v. Graham, 238 So.2d 618 (Fla.1970). I believe therefore that P.N. v. State, 443 So.2d 193 (Fla. 3d DCA 1983), and State v. Fox, 404 So.2d 799 (Fla. 3d DCA 1981), rather than R.A.L., R.M., and A.R., control. I would affirm.