SCHWARTZ, Chief Judge.
The appellant pled nolo to a charge of theft of a motor vehicle, reserving the present challenge to the denial of his sworn motion to dismiss under Fla.R.Crim.P. 3.190(c)(4). We affirm.
Two policemen found Adderly sleeping on the back seat of an automobile which *575 had been recently taken from its owner, Metropolitan Dade County. On the rear floorboard, they discovered his hat and, next to it, the keys to the vehicle. The presence of those keys established that Adderly was in control and therefore in possession of the car itself, see Shank v. State, 154 Ind.App. 147, 289 N.E.2d 315 (1972); cf. Wells v. State, 613 P.2d 201 (Wyo.1980),[1] and thus raised the inference of guilty knowledge that the car was stolen created by sec. 812.022(2), Fla.Stat. (1983). It also, and simultaneously, refuted the explanation offered to the officer by Adderly[2] — that he had innocently crawled into an abandoned car looking for a place to sleep — so as to render the believability of that claim and the question of whether the statutory inference had been overcome for the trier of fact. State v. Graham, 238 So.2d 618 (Fla.1970); P.N. v. State, 443 So.2d 193 (Fla. 3d DCA 1983); State v. Fox, 404 So.2d 799 (Fla. 3d DCA 1981). The (c)(4) motion was therefore properly denied.
Affirmed.

. We need not decide, therefore, whether mere presence in the back seat of an otherwise unoccupied car amounts to possession.

. Compare R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981) (inference conclusively overcome by "unrefuted, exculpatory, and not unreasonable" explanation of possession).