478 So.2d 1142 (1985)
N.C., Jr., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-266.
District Court of Appeal of Florida, First District.
November 21, 1985.
*1143 Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
MILLS, Judge.
N.C., Jr. appeals from an adjudication of delinquency and commitment to the Department of Health and Rehabilitative Services on charges of breaking and entering with intent to commit theft and trafficking in stolen property. We affirm.
On 3 January 1984, following Christmas vacation, the custodian at Raa Middle School in Leon County, Florida, discovered that the school's tool room had been broken into and various items worth more than $100 had been taken. While no fingerprints or other physical evidence was discovered at the scene, police received information in early January that some of the stolen items had been sold at an apartment complex near the school. Two apartment residents, Bracken and Yassim, told the officer that N.C. had sold them bolt cutters and a lantern, respectively. The items were taken to the custodian, who identified them as coming from the school's tool room.
A petition for delinquency was filed alleging that N.C. unlawfully entered the school with intent to commit theft and thereafter trafficked in the stolen goods. A nonjury hearing was held, at which the State adduced the foregoing facts from the testimony of the officer, the custodian and the two buyers. The State also called N.C.'s girlfriend, who was with him when he sold the cutters. She denied knowing that they were stolen, telling the buyer they were stolen or hearing from N.C. that he had stolen them.
N.C.'s motion for judgment of acquittal was denied. He then testified in his own defense and explained his possession of the stolen items by stating that he received the cutters in trade for some bicycle parts and found the lantern two weeks before the trade under the school bleachers. This account differed from the explanation given during the investigation, when N.C. told police he had been given the items by a second party "to hold for awhile."
On cross-examination, N.C. denied telling his girlfriend that the items were stolen. The court permitted the State to recall one of the buyers, Bracken, who testified that the girlfriend had told him N.C. admitted to her that he stole the items. Before receiving this testimony, the court explicitly limited its relevance to the impeachment of N.C.'s testimony that he had made no such statement. The defense renewed its motion for acquittal. The court denied it and adjudicated N.C. delinquent, finding that his explanation for possession of the stolen items was incredible.
N.C. argues on appeal that judgments of acquittal should have been granted as to both charges of the petition, based on the lack of physical evidence linking him to the *1144 crimes and the alleged inapplicability of certain inferences of guilt. We disagree.
The finder of fact has the right to infer guilt of breaking and entering with intent to steal from the unexplained possession of recently stolen goods. State v. Young, 217 So.2d 567, 570 (Fla. 1968), citing Williams v. State, 40 Fla. 480, 25 So. 143 (1898). Section 812.022(2), Florida Statutes (1983), provides that proof of possession of recently stolen property, unless satisfactorily explained, gives rise to the inference that the possessor knew, or should have known, that the property was stolen. Therefore, for these inferences to operate, it must be shown that the property was "recently stolen" and its possession must be unexplained or the explanation unsatisfactory.
While no precise definition of "recently" is extant, it was reasonable to infer from the discovery of the break-in on 3 January and the possession and sale of the property by N.C. in "early January" that the property was recently stolen at the time of his possession. See Spinkellink v. State, 313 So.2d 666 (Fla. 1975), cert. den. 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976), (a movant for judgment of acquittal admits all facts adduced and all reasonable inferences therefrom).
The reasonableness of an accused's explanation of his possession of recently stolen property is a question of fact for the judge in a nonjury trial to be considered in connection with all other facts and circumstances submitted. Ridley v. State, 407 So.2d 1000, 1002 (Fla. 5th DCA 1981). The judge is not required to believe the explanation, and if he does not, he has the right to convict upon possession alone, even though, as N.C. alleges here, the State submits no proof that the explanation is false. Young, supra at 570 citing Leslie v. State, 35 Fla. 171, 17 So. 555 (1895).
Here, N.C.'s trial account of his possession did not match his pretrial explanation. Given this alternative version, the judge could reasonably view the trial account as merely a search for a more acceptable excuse, rather than the truth. P.N. v. State, 443 So.2d 193, 194 (Fla. 3d DCA 1983). Further, the judge, reasonably in our view, found it unbelievable that N.C. had acquired goods from the same burglary in two different ways, two weeks apart. Therefore, the trial court did not err in finding N.C.'s explanation unsatisfactory, nor in convicting him based on these inferences, despite the lack of physical evidence implicating N.C.
N.C. also alleges that the trial court erred in permitting Bracken's testimony on rebuttal. He argues that the testimony was impermissible impeachment of the girlfriend, who was the State's own witness. The record reflects that this testimony was accepted for the limited purpose of impeaching N.C. Even if it was improperly admitted, the error was harmless given the sufficiency of the foregoing inferences to support the court's adjudication.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.