528 So.2d 1247 (1988)
Johnny Daniel BUNDERICK, Appellant,
v.
STATE of Florida, Appellee.
No. 87-480.
District Court of Appeal of Florida, First District.
July 19, 1988.
Rehearing Denied August 23, 1988.
Paul G. Komarek of Daniel, Komarek & Martinez, Panama City, for appellant.
Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Johnny Daniel Bunderick appeals his convictions of three counts of grand theft, two counts of burglary of a dwelling and one count of burglary of a structure. We reverse.
Bunderick contends, inter alia, that his motions for judgment of acquittal on all counts should have been granted as the state failed to adduce any evidence contradicting his reasonable hypothesis of innocence. The relevant evidence adduced may be briefly summarized as follows: In August 1986 three burglaries occurred in Calhoun County in which many various items were stolen. Shortly thereafter, the Jackson *1248 County Sheriff's Department was called to Bunderick's property in connection with a fire which had broken out in a travel trailer located there. The deputies observed Bunderick's dual wheel pickup truck loaded with numerous household items which were subsequently found to have been stolen in the Calhoun County burglaries. Additional stolen items were also found in Bunderick's mobile home and storage shed. Bunderick himself initially summoned the deputies to the property when the fire broke out, and subsequently cooperated completely with their search for and examination of the stolen goods. Bunderick was uncooperative in one respect. He had injured his hand the evening of the fire when he engaged in a fist fight with a tenant who was residing in the travel trailer. Fearing that the tenant was trapped in the burning trailer and that knowledge of the altercation might implicate him in the tenant's death, Bunderick initially told the deputies he had injured his hand trying to open the door of the burning travel trailer. Later, he stated that he had received the cut when he broke into a neighbor's house to use the telephone to report the fire. Eventually, he admitted that the injury had been sustained in the fight.
Tire tracks made by a dual wheel pickup truck were found outside of two of the burglarized houses. However, the tracks were never compared to the tracks created by Bunderick's truck. None of Bunderick's fingerprints were recovered from the scenes of the burglaries or from any of the stolen items. Although a substance appearing to be blood was observed on some of the stolen items and on the hood of Bunderick's truck, the substance was never conclusively shown to have been blood, and was never matched to Bunderick's blood type. The defense provided a reasonable and entirely uncontroverted explanation as to how the stolen items came to be located on Bunderick's property and in his truck.
When a case is based solely on circumstantial evidence, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), review denied 503 So.2d 328 (Fla. 1987). The trial court determines as a threshold matter whether the state has produced competent substantial evidence contradicting the defendant's story. If so, the jury then determines whether the state's evidence is inconsistent with the defendant's hypothesis of innocence. On review, the appellate court considers the evidence as a whole and determines whether the state presented competent substantial evidence impeaching the defendant's story so as to warrant submission to the jury of the disputed issues of material fact. Id. The version of events related by the defense must be believed if the circumstances do not show that version to be false. McArthur v. State, 351 So.2d 972 (Fla. 1977). The jury may disbelieve the defendant only as to facts on which the state has presented contrary testimony. Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), review dismissed 504 So.2d 762 (Fla. 1987).
Upon application of this standard in the case sub judice, we conclude that the trial court should not have allowed the case to go to the jury. The evidence adduced is virtually nonconflicting except for the inference of guilt or innocence. The only evidence of guilt provided by the state was Bunderick's possession of the recently stolen items. Such possession gives rise to an inference of guilt if it is unaccompanied by a reasonable explanation. State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). Here, Bunderick's possession was reasonably explained, and other than the possession of the recently stolen property there was no evidence linking Bunderick to the burglaries. The defense motions for a judgment of acquittal should therefore have been granted. See Warren v. State, 443 So.2d 381 (Fla. 1st DCA 1983); Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982).
Since the evidence adduced by the state consisted entirely of circumstantial evidence *1249 which was not even slightly inconsistent with Bunderick's reasonable hypothesis of innocence, we reverse the judgments and sentences and remand with directions that appellant be discharged.
REVERSED and REMANDED.
BARFIELD, J., concurs with written opinion.
NIMMONS, J., dissents without written opinion.
BARFIELD, J., concurring:
I concur in the result without dependence upon Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), with which I have previously noted disagreements. In this case the explanation given by the defendant was substantially corroborated by other witnesses, and the fingerprints of the person defendant and his witnesses asserted brought the property to defendant's premises were found on the stolen property. In the context of the entire transcript of these proceedings defendant's representations concerning the injury to his hand could not have presented a credibility problem sufficient to submit this case to a jury. The only thing incredible about this case is that this defendant was accused rather than other persons clearly connected with the stolen property.