SMITH, Chief Judge.
Appellant, a juvenile, was stopped while driving a motorcycle displaying an expired license tag. A routine police check revealed that the motorcycle was recently stolen. Appellant explained that he borrowed the motorcycle from a friend, giving the friend’s first name and offering to show the officer where the friend lived.[1] Despite appellant’s explanation, the police failed to conduct any investigation to confirm or to disprove appellant’s representations, and he was subsequently charged, tried, and found guilty of grand theft and adjudicated delinquent.
At trial, the state relied solely on the presumption accorded by section 812.-022, Florida Statutes (1987), and failed to introduce any other incriminating evidence of appellant’s guilt. This statute provides that proof of possession of property recent- *140 ly stolen, unless satisfactorily explained, gives rise to an inference of guilt of theft. However, mere possession of stolen property is insufficient to establish guilt when there is an unrefuted, exculpatory, and not unreasonable explanation for the possession. McNeil v. State, 433 So.2d 1294, 1295 (Fla. 1st DCA 1983), and R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); see also, Bunderick v. State, 528 So.2d 1247 (Fla. 1st DCA 1988); B.P. v. State, 515 So.2d 423 (Fla. 3d DCA 1987); R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984); compare J.J. v. State, 463 So.2d 1168 (Fla. 3d DCA 1984) (juvenile’s explanation that friend gave him recently stolen moped was not reasonable where the juvenile did not know the friend’s last name or where he lived, the arresting officer investigated the juvenile’s story and could not locate the friend, refuting in part the juvenile’s explanation, so that trial court was justified in rejecting explanation as unworthy of belief). Here, appellant’s explanation was not unreasonable, and was unrefuted and exculpatory. The evidence before the trial court was therefore insufficient to establish guilt.
REVERSED.
ERVIN and NIMMONS, JJ., concur.

. There was evidence at the trial that this "friend" did exist, that he lived in a neighborhood near where the theft occurred, and that he was known to the owner of the motorcycle as an acquaintance of the owner’s son. The owner denied, without further explanation, that the "friend” had been in her home prior to the theft of the motorcycle.