GOSHORN, Judge.
Barry Eugene Wilkes appeals his conviction for second degree murder. He asserts as error the admission as substantive evidence of an out-of-court statement implicating him in the crime. The statement had been made by alleged co-perpetrator Hogan during a police interrogation. At trial[1] Hogan denied the truthfulness of his sworn statement, claiming it had been obtained by the police through threats of the electric chair. Wilkes further asserts that without the use of the statement as substantive evidence his motion for directed verdict at the close of the state’s case should have been granted. We agree and reverse.
This case presents the precise question decided in State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986). The Delgado court held that police interrogations did not constitute “other proceedings” as defined by § 90.801(2)(a), Florida Statutes[2] and therefore such out of court statements by a co-perpetrator were hearsay and not admissible at trial as substantive evidence. To rule otherwise would effectively deny the defendant his right of cross-examination.
Having determined that Hogan’s out of court statement was not admissible to prove Wilkes’ guilt, an examination of the record discloses no direct evidence to prove that guilt or to prove that Wilkes was even present at the scene of the murder. The only evidence linking Wilkes to the crime was circumstantial. This evidence showed that Wilkes and Hogan knew the victim for a short time and had socialized with her. Both Hogan and Wilkes admitted that the victim had offered them a sum of money to kill her. While perhaps providing a possible motive, this fact does not directly implicate Wilkes in the murder. Additional circumstantial evidence pointed to Hogan and to other persons.
Such circumstantial evidence clearly fails to meet the standard set forth in McArthur v. State, 351 So.2d 972 (Fla.1977)[3], Accord, Duest v. State, 462 So.2d 446 (Fla.1985), Mayo v. State, 71 So.2d 899 (Fla.1954), Bunderick v. State, 528 So.2d 1247 (Fla. 1st DCA 1988), Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987), Drake v. State, 476, So.2d 210 (Fla. 2d DCA 1985), and Bradford v. State, 460 So.2d 926 (Fla. 2d DCA 1984) rev. denied, 467 So.2d 999 (Fla.1985) and the trial judge should have granted Wilkes’ motion for directed verdict. Should a conviction be allowed to stand on this evidence (or rather lack of evidence), every citizen would be at risk whenever an acquaintance is murdered under mysterious and unexplained circumstances.
REVERSED and REMANDED with directions to discharge the defendant.
DAUKSCH and COBB, JJ., concur.

. By this time Hogan had already been convicted of the murder.

. § 90.801(2)(a) provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

."Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” McArthur at 976, quoting with approval Davis v. State, 90 So.2d 629 (Fla.1956).