DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**S.M.**, a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1099

[November 12, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael J. Orlando, Judge; L.T. Case No. 12-7129 DL.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

S.M., a child, appeals the trial court's adjudication of delinquency for second-degree petit theft of a bicycle. Appellant claims the trial court erred by denying his motion for judgment of dismissal, because the state failed to prove that appellant knew or should have known the bicycle was stolen. Appellant further claims that the trial court erred in admitting into evidence a DVD and photograph which were copies of an "original" video. We find that the state presented sufficient evidence to support appellant's conviction for second-degree petit theft, and we find the trial court did not err in admitting the DVD and photograph into evidence. We affirm the adjudication of delinquency.

The victim left for work one morning, leaving the bicycle she bought for her grandson by the front door. When the victim came home from work, the bicycle was gone. Her grandson did not know where the bicycle was. Another boy in the neighborhood showed the victim a cell phone video of an individual later identified as appellant riding the bicycle in a canal located up the street from the victim's home.

The police arrived and watched the cell phone video. The victim's grandsons both identified appellant as the individual riding the bicycle. A police officer drove to appellant's home and spoke with appellant, who denied ever being in possession of the bicycle. The police officer asked appellant to get the bicycle and return it to the victim. Appellant brought the bicycle back to the victim's house thirty to forty minutes later. Appellant did not say anything, but appellant was wet and the bicycle was damaged.

At the trial, the police officer testified that appellant "denied being on the bike, having the bike, didn't know anything about the incident." Then the officer told appellant there was a video "showing him on the bike and that it would probably be to his best interest that if he knew the whereabouts of the bike that he find the bike and return it to the victim." Appellant told the officer something to the effect of "I'll go get the bike."

Appellant testified at the trial that on the day of the incident, he was jumping bicycles with his friends in the canal, when a kid named "Jeffrey" brought over the bicycle in question. Appellant said that Jeffrey lived in a nearby neighborhood and that appellant had seen Jeffrey with the same bicycle three to four times before. Appellant then rode the bicycle and jumped into the canal.

Appellant testified that he had no reason to believe the bicycle was stolen and that the first time he heard it was stolen was from the officer. Appellant told the officer that he knew the kid who took the bike and that he would find him and return the bike. Appellant said he spoke with Jeffrey, and Jeffrey told him that the bicycle was in another canal. Appellant found the bicycle and returned it to the victim. Appellant stated he did not know Jeffrey's last name, home address, or telephone number.

In rebuttal, the victim stated she did not know a "Jeffrey" from the neighborhood, and the officer stated that appellant never told the officer that he knew who took the bicycle.

At the close of all evidence, the trial court denied appellant's motion for judgment of dismissal. The trial court found appellant guilty of petit theft and adjudicated him delinquent. This appeal ensues.

Appellant argues that the admission of the DVD and photograph of him on the stolen bicycle was error. We disagree, and find their admission was not in error, and this issue is without merit. That leaves the issue of whether the trial court should have granted appellant's motion for

2

judgment of dismissal, since appellant claims the state failed to prove that appellant knew, or should have known, the bicycle was stolen. We also disagree and affirm the adjudication.

"Because the standard of review that applies to motions for judgment of dismissal in a juvenile case is the same standard that applies to motions for judgment of acquittal in an adult criminal case, the juvenile court's ruling is reviewed de novo." *S.B. v. State*, 31 So. 3d 968, 969 (Fla. 4th DCA 2010).

> When moving for a judgment of acquittal, a defendant admits both the facts adduced, as well as every conclusion favorable to the State that a finder of fact could fairly and reasonably infer from the evidence. Evidence is sufficient to sustain a conviction if a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State.

*Id.* at 969-70 (citations omitted).

To prove petit theft, the state must introduce competent, substantial evidence that appellant knowingly obtained or used the victim's bicycle with the intent to either temporarily or permanently deprive the victim of the right to or benefit from the bicycle. § 812.014(1)(a), Fla. Stat. (2012).

Florida law provides that "proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen." § 812.022(2), Fla. Stat. (2012). "[M]ere possession of stolen property is insufficient to establish guilt when there is an unrefuted, exculpatory, and not unreasonable explanation for the possession." *M.M. v. State*, 547 So. 2d 139, 140 (Fla. 1st DCA 1989). However, "[u]nless it is grounded in credibility, an accused's explanation does not automatically entitle him or her to a judgment of acquittal." *Haugabrook v. State*, 827 So. 2d 1065, 1069 (Fla. 2d DCA 2002).

In *N.C. v. State*, 478 So. 2d 1142 (Fla. 1st DCA 1985), the appellant was charged with possession of stolen tools. Appellant's "trial account of his possession," that he found one item and traded something for the other item, "did not match his pretrial explanation," that someone gave them to him "to hold for awhile." *Id.* at 1143-44. The appellate court affirmed the trial court's finding of delinquency, stating that "the judge could

3

reasonably view the trial account as merely a search for a more acceptable excuse, rather than the truth" due to the inconsistency.  *Id.* at 1144.

Likewise in *P.N. v. State*, 443 So. 2d 193 (Fla. 3d DCA 1983), the juvenile was arrested for grand theft upon being discovered in possession of a stolen moped.  "When he was stopped by the police, [the juvenile] told the officer first that he had borrowed the moped from a cousin, then a brother, and finally—as he testified at trial—from an otherwise unidentified friend."  *Id.* at 194.  The appellate court affirmed the juvenile's adjudication of delinquency, because the juvenile failed to present a satisfactory explanation for his possession of a stolen moped given the "multiplicity of alternative versions advanced by the juvenile."  *Id.*; *cf. Bertone v. State*, 870 So. 2d 923, 925 (Fla. 4th DCA 2004) (where appellant's trial version of his possession of the stolen property did not conflict with any pretrial explanation).

Thus, "[e]ven when a defendant's theory of events is not clearly contradicted by direct evidence, a judgment of acquittal is not required if a common sense view of the circumstantial evidence might lead the jury to disbelieve the defendant's theory."  *Leasure v. State*, 105 So. 3d 5, 16 (Fla. 2d DCA 2012).

In this case, the trial court, as the trier of fact, was allowed to make a credibility determination and disbelieve appellant's proffered explanation for his possession of the stolen bicycle.  At trial, the officer testified that appellant initially denied "being on the bike [and] having the bike." Appellant returned the bicycle after being told of the existence of a video depicting him riding it.  Although appellant claimed at trial that "Jeffrey" gave him the bicycle and that he told the officer about his friend having the bicycle, the officer, in rebuttal, denied appellant told him about any friend named "Jeffrey."  This conflict in testimony between appellant and the officer allowed the trier of fact to make a credibility determination.  The trial court was free to disbelieve appellant and determine that the motive for the conflict in testimony emanated from guilty conduct.  The fact-finder was also entitled to believe appellant's possession of the bicycle, as documented on the DVD and in the photograph, was indicative of guilty conduct, especially in light of appellant's initial denial of involvement or possession of the bicycle.  The fact-finder could believe that appellant retrieved the bicycle only when confronted with ostensibly incriminating evidence.  The fact-finder could believe the change in appellant's explanation and the change in admission of knowledge was, in fact, indicative of guilty knowledge.

In conclusion, we find that the trial court did not err in denying

appellant's motion for judgment of dismissal.

*Affirmed.*

GERBER, J., concurs.
KLINGENSMITH, J., dissents with opinion.

KLINGENSMITH, J., dissenting.

I dissent from the majority opinion because the evidence presented at trial did not support a prima facie case for petit theft. Appellant's testimony was unrebutted that he had no reason to believe the bicycle was stolen, and that he did not know it was stolen until informed by a police officer. Upon questioning, he told the officer that he knew the person who had taken the bicycle, and that he would find the bicycle and bring it back. Appellant identified this individual as "Jeffrey," and although he did not know this individual's last name, address, or phone number, he did know that Jeffrey lived in a community nearby. Appellant then located the bicycle, returned it to the victim, and was charged with stealing the bicycle.

To rebut appellant's claim, the only testimony presented was from the victim's grandmother, who testified that she did not know a boy in the neighborhood named "Jeffrey," or whether her grandson played with anyone by that name. Regarding the neighborhood kids' names, all she could say was that she knew "[a] few of them." Additionally, there was no evidence presented that a search for "Jeffrey" was ever conducted in an attempt to refute appellant's assertion or to disprove "Jeffrey's" existence.

Based on the evidence presented at trial, the State failed to prove beyond a reasonable doubt that appellant knew or should have known the bicycle was stolen and failed to rebut the reasonable hypothesis of appellant's innocence. The First District has held that "mere possession of stolen property is insufficient to establish guilt when there is an unrefuted, exculpatory, and not unreasonable explanation for the possession." *M.M. v. State*, 547 So. 2d 139, 140 (Fla. 1st DCA 1989). There, the court reversed an adjudication of delinquency for grand theft, finding the "evidence before the trial court was . . . insufficient to establish guilt" because the defendant's explanation that he borrowed the stolen motorcycle from a friend "was not unreasonable, and was unrefuted and exculpatory." *Id.*

There was no evidence presented about the bicycle that would indicate that appellant knew or reasonably should have known it was stolen. His explanation was not refuted. The grandmother clearly testified she did not

know all of her grandson's friends, much less all the neighborhood children.  The fact that appellant knew where the bike was and was able to retrieve it for the victim is, without more, wholly insufficient to support an adjudication for misdemeanor petit theft.  When the State failed to meet its burden of presenting a prima facie case, a judgment of acquittal should have been granted.  *Butler v. State*, 715 So. 2d 339, 340 (Fla. 4th DCA 1998).

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

6