*1183 KLINGENSMITH, J.,
dissenting.
I dissent from the majority opinion because the evidence presented at trial did not support a prima facie case for petit theft. Appellant’s testimony was unrebut-ted that he had no reason to believe the bicycle was stolen, and that he did not know it was stolen until informed by a police officer. Upon questioning, he told the officer that he knew the person who had taken the bicycle, and that he would find the bicycle and bring it back. Appellant identified this individual'as “Jeffrey,” and although he did not know this individual’s last name, address, or phone number, he did know that Jeffrey lived in a community nearby. Appellant then located the bicycle, returned it to the victim, and was charged with stealing the bicycle.
To rebut appellant’s claim, the only testimony presented was from the victim’s grandmother, who testified that she did not know a boy in the neighborhood named “Jeffrey,” or whether her grandson played with anyone by that name. Regarding the neighborhood kids’ names, all she could say was that she knew “[a] few of them.” Additionally, there was no evidence presented that a search for “Jeffrey” was ever conducted in an attempt to refute appellant’s assertion or to disprove “Jeffrey’s” existence.
Based on the evidence presented at trial, the State failed to prove beyond a reasonable doubt that appellant knew or should have known the bicycle was stolen and failed to rebut the reasonable hypothesis of appellant’s innocence. The First District has held that “mere possession of stolen property is insufficient to establish guilt when there is an unrefuted, exculpatory, and not unreasonable explanation for the possession.” M.M. v. State, 547 So.2d 139, 140 (Fla. 1st DCA 1989). There, the court reversed an adjudication of delinquency for grand theft, finding the “evidence before the trial court was ... insufficient to establish guilt” because the defendant’s explanation that he borrowed the stolen motorcycle from a friend “was not unreasonable, and was unrefuted and exculpatory.” Id.
There was no evidence presented about the bicycle that would indicate that appellant knew or reasonably should have known it was stolen. His explanation was not refuted. The grandmother clearly testified she did not know all of her grandson’s friends, much less all the neighborhood children. The fact that appellant knew where the bike was and was able to retrieve it for the victim is, without more, wholly insufficient to support an adjudication for misdemeanor petit theft. When the State failed to meet its burden of presenting a prima facie case, a judgment of acquittal should have been granted. Butler v. State, 715 So.2d 339, 340 (Fla. 4th DCA 1998).