PER CURIAM.
L.S., a juvenile, appeals his delinquency adjudication and disposition for the theft of a car. He claims that the trial court committed reversible error when it admitted hearsay statements into evidence. We agree and reverse.
The victim did not see who stole her car. When the police recovered the car, several people accused appellant and his brother of parking the stolen car in the neighborhood. When arrested, appellant’s brother said that he and appellant had taken the car recovered that night. The police later discovered the brother’s fingerprints inside the car and the appellant’s fingerprints on the outside of the car.
At trial, neither the neighbors nor appellant’s brother testified. However, the trial court allowed the investigating officer to testify as to what the neighbors and appellant’s brother said. Appellant’s defense was that he did not take the car, was not involved in the theft, and did not know the car was stolen. The trial court found that appellant committed the theft. This appeal followed.
We hold that the trial court erred when it allowed the investigating officer to testify as to what the neighbors and appellant’s brother said.
We reject the state’s argument that the statement of appellant’s brother was admissible as a statement of a co-conspirator. Section 90.803(18)(e), Florida Statutes reads in relevant part:
Hearsay Exceptions; Availability of Declarant Immaterial
(18) Admissions
A statement by a person who was a co-conspirator of the party during the course, and in furtherance, of the conspiracy.
The “Sponsor’s Note” to subsection 18 reads:
Statements by a co-conspirator are admissible against the other conspirators when they are made in the course and furtherance of the conspiracy. Before this rule may be invoked, there must be evidence of a conspiracy and of the objecting party’s participation in it.
However, sub judice, the state failed to present any evidence that appellant participated in a conspiracy or that a conspiracy even existed.
We find no merit in the state’s argument that the statements of the neighbors were admissible as excited utterances or as statements of the declarants’ then existing state of mind or emotion. None of neighbors’ statements related to a startling event that caused stress of excitement at the time of the statements. Section 90.-803(2), Fla.Stat. (1989). No neighbors’ state of mind or emotion was at issue and none of the statements were offered to prove or explain their subsequent conduct. Section 90.803(3), Fla.Stat. (1989).
Because the only admissible evidence consisted of appellant’s fingerprints on the outside of the car, we hold that the trial court should have granted appellant’s motion for a judgment of acquittal. Where the only proof of guilt is circumstantial, an adjudication cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence, regardless of how strongly the evidence suggests guilt. See State v. Law, 559 So.2d 187, 188 (Fla.1989).
REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS THE PETITION AND DISCHARGE APPELLANT.
WARNER, POLEN and GARRETT, JJ„ concur.