927 So.2d 936 (2006)
F.D., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-851.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Rehearing Denied May 19, 2006.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
*937 Charles J. Crist, Jr., Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before LEVY, GREEN, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
F.D., a juvenile, was charged with possession of a weapon on school property. In this appeal, he claims there was insufficient evidence, as a matter of law, to support the trial court's finding adjudicating him delinquent. We affirm.
F.D. did not dispute and, in fact, admitted at the adjudicatory hearing, that he had a knife in his possession on school grounds. He testified at the hearing that, as he was walking through the parking lot of the school with his friend, Jose, Jose found a knife and picked it up. Based upon prior difficulties with Jose and his concern that Jose might use the knife to stab someone, F.D. testified that he took the knife from Jose intending to turn it in at the main office of the school. Because he was late getting to school that day, he needed to obtain a pass before going to the main office. As he was standing in line in the cafeteria to obtain a pass, the assistant principal approached him, at which point the knife fell out of his pocket. The State's evidence included the introduction of the knife in question and the testimony of the assistant principal. The assistant principal stated that based upon a tip, he asked F.D. to step outside the cafeteria with him, and as they were exiting the cafeteria, F.D. pulled his hands out of his pockets causing the knife to fall to the ground.
F.D. argues that where the only proof of guilt is circumstantial, an adjudication of delinquency cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. He thus claims that because his explanation was unrefuted, exculpatory, and not unreasonable, the trial court erred by not concluding that the evidence was insufficient as a matter of law. While we agree with the legal theory upon which F.D. relies, we conclude his reliance upon it is misplaced.
If the only proof of guilt is circumstantial evidence, a finding of guilt or an adjudication of delinquency cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187 (Fla.1989); L.S. v. State, 591 So.2d 1105 (Fla. 4th DCA 1992); L.R. v. State, 559 So.2d 389 (Fla. 3d DCA 1990). The State's case, however, was not based solely on circumstantial evidence. In this case, the State presented direct evidence and physical evidence. The State introduced the knife, and the assistant principal testified that, as F.D. was exiting the school cafeteria, he observed the knife fall when F.D. removed his hands from his pockets. As F.D. was charged with possession of a weapon on school property, the assistant principal's eyewitness testimony and the introduction of the physical evidence constitutes direct evidence of guilt. When direct evidence of guilt is introduced, the State is not required to rebut a reasonable hypothesis of innocence. Fitzpatrick v. State, 900 So.2d 495, 496 (Fla.2005). We, therefore, review the trial court's finding, adjudicating F.D. delinquent, de novo. Fitzpatrick, 900 So.2d at 507; I.M. v. State, 917 So.2d 927 (Fla. 1st DCA 2005)("We review de novo the trial court's ruling on a motion for judgment of acquittal. The same standard of review applies in the context of juvenile adjudicatory proceedings, although the motion is properly designated a motion for judgment of dismissal.") (citations omitted).
*938 F.D. argues that the explanation given for his temporary possession of the weapon on school property was not unreasonable and was unrefuted, thereby rendering the State's case insufficient as a matter of law. In support of this proposition, F.D. relies on R.M. v. State, 450 So.2d 897 (Fla. 3d DCA 1984), E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989), R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981), and H.M. v. State, 802 So.2d 1185 (Fla. 3d DCA 2002). We conclude, however, that F.D.'s reliance on these cases is misplaced.
H.M. was a circumstantial evidence case. We have already noted that this case is not. We, therefore, find that H.M. is inapplicable to our analysis in the instant case.
F.D. was charged with possession of a weapon on school property, pursuant to section 790.115, Florida Statutes (2005), which is a general intent crime. This statute makes it unlawful to willfully and knowingly possess a weapon on school property, unless authorized in support of a school-sanctioned activity. Thus, the State was required to prove the following essential elements beyond a reasonable doubt: that F.D. (1) knowingly and willfully possessed a weapon; (2) on school property; and (3) without authorization to do so.
In contrast, R.M., E.L.S., and R.A.L. were all theft cases charged under section 812.014, Florida Statutes, which is a specific intent crime, requiring that the State prove beyond a reasonable doubt that the defendant (1) knowingly and unlawfully obtained, used, endeavored to obtain, or endeavored to use the property of the victim; and (2) with the intent to either temporarily or permanently deprive the victim of his/her right to the property or any benefit from it, or to appropriate the property to his own use or to the use of any person not entitled to it. Thus, the State was required to prove beyond a reasonable doubt, in these three cases, not only that the defendant(s) knowingly obtained or endeavored to obtain the property of another, but also that the conduct was done with the intent to deprive the owner of its use or with the intent to appropriate it to the defendant's or someone else's use.
In R.M., E.L.S., and R.A.L., each presented unrefuted, not unreasonable explanations regarding the possession of the property in question which specifically called into question an essential element of the crime charged: that the accused knew that the property was stolen (that he unlawfully possessed the property with the intent . . .). In contrast, since F.D.'s explanation did not cast doubt as to an essential element of the crime charged, it did not affect the State's burden of proving each element beyond a reasonable doubt.
Additionally, while F.D. offered an explanation for his possession of the knife on school property, (a completed crime), the trial court was not required to find that his explanation was either reasonable or credible. F.D. claimed that he did not immediately take the knife to the principal or hand it over to anyone with authority because he was late to school and went to the cafeteria to pick up a pass before doing so. When F.D. moved for judgment of dismissal, the state argued that F.D. could have gone directly to the office under the circumstances if in fact he truly intended to hand it over to the school authorities. See Coleman v. State, 466 So.2d 395 (Fla. 2d DCA 1985)(holding that if the explanation given is only arguably reasonable, or if there is any evidence which places it in doubt, the motion for judgment of acquittal should not be granted).
As there was substantial, competent evidence to prove the elements of the crime *939 beyond a reasonable doubt, we sustain the trial court's finding adjudicating F.D. delinquent. Fitzpatrick, 900 So.2d at 507.
Affirmed.